■ BAILEY FORD, INC., et al., Appellants, v ALBERT J. BAILEY, JR., Respondent. (Action No. 1.) ALBERT J. BAILEY, JR., Respondent, v BAILEY FORD, INC., et al., Appellants. (Action No. 2.)—Appeal from an order of the Supreme Court, entered February 23, 1976 in Franklin County, which dismissed the complaint in Action No. 1, and appeal from an order of the Supreme Court, entered February 20, 1976 in Clinton County, which denied a motion to dismiss the complaint in Action No. 2. Albert Bailey, Jr., and his brother Lloyd Bailey each owned part of the stock in Bailey Ford, Inc., an automobile dealership located in Malone, New York. In a contract dated October 31, 1969 the corporation (by its president, Lloyd Bailey) agreed to purchase Albert's share of the corporation for $115,000, payment to be made with $10,000 down and the corporation's note to Albert for the $105,000 balance. Lloyd Bailey, individually, was also a party to this agreement, but only with respect to certain collateral matters whereby Lloyd, *inter alia,* promised to give Albert the right of first refusal if he (Lloyd) decided to sell his interest in the corporation. The $10,000 down payment and the note were in fact delivered to Albert upon execution of the contract, and plaintiffs in Action No. 1 admit that the $7,000 yearly prinicpal payments on the note plus interest were paid from 1970 through 1975 as per the terms of the contract and note. However, in the fall of 1975 the plaintiff corporation stopped making payments and, along with Lloyd Bailey, instituted Action No. 1 to rescind the October, 1969 contract on the ground of mistake. The complaint states that Lloyd and Albert made a contract in April, 1969 to realign their interests in the two family automobile dealerships, Bailey Ford, Inc., and Bailey Motors, Inc. It further states that this earlier contract provided that should Albert decide to sell his interest in Bailey Ford, Inc., Lloyd would purchase such interest at its "actual value". The April contract, which is attached to the complaint, sets forth an accounting method for determining this "actual value". Plaintiffs allege that the "actual value" of the stock was only $50,000, but that they erroneously believed that the $115,000 figure in the October contract was the "actual value" agreed upon in April. They now contend that the doctrine of mutual mistake entitles them to the excess above the true "actual value" ($50,000) they have paid to the defendant, i.e., some $31,000 in principal and interest. Plaintiffs made no allegation of fraud. Defendant Albert Bailey served an answer denying any mistake in the $115,000 price term of the October agreement and commenced Action No. 2 seeking $2,677.50, the amount the corporation is in arrears on its note. The trial court granted Albert's motion to dismiss the complaint in Action No. 1, and denied Lloyd's and the corporation's motion to dismiss Action No. 2. These appeals ensued. Lloyd

Bailey and Bailey Ford, Inc., in Action No. 1 do not allege either that Albert shared in their mistake or was aware of it. In such a situation unilateral mistake is not grounds for rescission if the mistake was negligent *(Hayward v Wemple,* 152 App Div 195, affd 206 NY 692; 13 Williston, Contracts [3d ed, 1970], § 1577; 37 NY Jur, Mistake, Accident, or Surprise, § 7; cf. *Albany Discount Corp. v Basile,* 32 AD2d 723). If plaintiffs had the right to purchase the stock at its actual book value as defined in the April contract, it was negligent for them to execute the October contract without taking the necessary accounting measures to determine the "actual value". Orders affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Mahoney and Larkin, JJ., concur.