■ G & S CUSTOM HOMES, INC., Respondent, v JOHN HOLTZ et al., Appellants and Third-Party Plaintiffs-Appellants. MICHAEL SHUMWAY et al., Third-Party Defendants-Respondents.

The court, however, should have dismissed plaintiff's cause

of action based upon unjust enrichment or quantum meruit. A cause of action in quantum meruit will not lie where an express enforcible contract exists between the parties concerning the same subject matter *(see, Miller v Schloss,* 218 NY 400, 406-407). Plaintiff cannot rely upon the principles of unjust enrichment or quantum meruit to avoid the operation of General Obligations Law § 15-301 (1). Plaintiff cannot recover unless it proves an express oral agreement modifying the terms of the written contract or facts establishing an equitable estoppel *(see, Chadirjian v Kanian,* 123 AD2d 596).

Supreme Court properly dismissed defendants' third-party claim against the individuals Graham and Shumway, who performed the work for the plaintiff corporation. Although the cause of action against those individuals is couched in terms of negligent performance of the work, the action is for breach of contract *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382). The individuals cannot be held liable where the contract was entered into by the corporation *(see, Westminster Constr. Co. v Sherman,* 160 AD2d 867). (Appeal from Order of Supreme Court, Ontario County, Henry, Jr., J.—Summary Judgment.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.