■ EMILE BELLIN, Respondent, v CLARICE PULSIFER, Appellant. [599 NYS2d 704] —Mikoll, J. P. Appeal from an order of the Supreme Court (Feldstein, J.), entered January 2, 1992 in Essex County, which granted plaintiff's motion for summary judgment.

Plaintiff and defendant entered into a written contract for the purchase of plaintiff's one-half interest in a pizza business, of which each party owned one-half, for a specified price. Subsequently, after the transfer had been accomplished and several payments to plaintiff had been made under the terms of the agreement, the payments ceased. Plaintiff thereafter brought this breach of contract action for money owing on the contract. Defendant answered and asserted a counterclaim alleging that plaintiff misrepresented the tax consequences of the transaction. Plaintiff moved for summary judgment. Defendant opposed the motion claiming, in essence, mutual mistake. Supreme Court found that there was no factual issue requiring a trial and granted summary judgment in favor of plaintiff.

The order of Supreme Court should be affirmed. Defendant has not presented evidentiary facts entitling her to reformation of the contract on the ground of mutual mistake (see, Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 219-220). There is no evidence that plaintiff's assertion that the sales price was deductible for tax purposes was made in bad faith. It was defendant's obligation to ascertain the value of plaintiff's interest independently of plaintiff's opinion (see, Bailey Ford v Bailey, 55 AD2d 729, 730). Defendant's explanation that she agreed to an overvalued contract price in the belief that the price was tax deductible was a miscalculation on her part which is not sufficient to invoke reformation of the contract (see, supra). Moreover, the contract price is clearly stated and evidence extrinsic to the contract may not be considered in interpreting it (see, Bethlehem Steel Co. v Turner Constr. Co., 2 NY2d 456, 460).

Yesawich Jr., Crew III and Harvey, JJ., concur; Mercure, J., not taking part. Ordered that the order is affirmed, with costs.