OPINION OF THE COURT
Eileen Bransten, J.
Manufacturers and Traders Trust Company, also known as M&T Bank Corporation (M&T Bank), a bank holding company, and its brokerage subsidiary, M&T Securities, Inc. (M&T Securities) (collectively movants), move, pursuant to CPLR 3211 (a) (7), to dismiss the claims of plaintiff, the law firm of Nathan W. Drage, P. C. (plaintiff), against them. Movants also seek an order striking plaintiffs demand for punitive damages, denying plaintiff leave to replead, and granting them costs and reasonable attorney’s fees.
Plaintiff commenced this action against defendants First Concorde Securities, Ltd., sued herein as First Concord Securities, Ltd. (FCS), a foreign broker-dealer, its principal Joseph Andres Mann, sued herein as Joseph Andrew Mann (Mann), M&T Bank and M&T Securities to recover damages based on the sale of plaintiffs shares of stock in a company known as GS Telecom, Ltd. (GST). The underlying facts in this action are set forth at length in this court’s June 24, 1999 decision, and will only be briefly recounted here.
Plaintiff maintained a brokerage account with FCS for the sole purpose of effecting the sale of its shares of stock in GST. In June 1998, FCS opened a security clearance account with M&T Bank which, through M&T Securities, operated a security clearance department that acted as a custodial agent for customers buying and selling securities through broker-dealers. In connection with the opening of the security clearance account, M&T Bank issued a demand promissory note, titled Secure Grid Note and Pledge Agreement (the Agreement), *94 providing, in part, that M&T Bank may demand payment of, or decrease the amount of, its advances to FCS on demand, and that M&T Bank’s advances to FCS were secured by the securities held in FCS’s account. Thereafter, FCS bought and sold securities, settling its trades through M&T Bank, and M&T Bank began extending credit to FCS in connection with its trading activities.
In February 1999, FCS declined to honor plaintiffs demands to sell a portion of its GST shares, citing a dispute between plaintiff or one of its clients and another customer of FCS. In addition, in March 1999, when the amount of credit that M&T Bank had extended to FCS totaled $4.9 million, and FCS failed to comply with M&T Bank’s demand that it cease buying additional shares and decrease the amount of its outstanding loan, M&T Bank advised FCS that it was declaring an event of default, would be seizing all of the securities held in FCS’s account and would begin liquidating the account. This action ensued when M&T Bank sold all of the GST shares that had been held in FCS’s account, including plaintiffs shares, in partial satisfaction of FCS’s outstanding debt.
In its amended complaint, plaintiff sets forth causes of action for (1) breach of contract against FCS; (2) breach of fiduciary duty against FCS and Mann; (3) breach of the covenant of good faith and fair dealing against FCS and Mann; (4) conversion against FCS and Mann; (5) an accounting against FCS; (6) conversion against M&T Bank and M&T Securities; (7) unjust enrichment against M&T Bank and M&T Securities; (8) the imposition of a constructive trust on the proceeds from the sales of its shares of GST stock against M&T Bank and M&T Securities; (9) negligence against M&T Bank and M&T Securities; and (10) an injunction against M&T Bank and M&T Securities.
By decision and order, dated June 24, 1999, this court, inter alia, dismissed the claims against FCS and Mann. M&T Bank and M&T Securities now seek to dismiss the claims against them.
Movants argue that the claims against them should be dismissed because prior to the commencement of this action, M&T Bank exercised its perfected security interest and seized all of the assets, including plaintiffs shares of GST stock, after FCS defaulted on the loans secured by those assets, and that the amended complaint fails to allege facts sufficient to defeat M&T Bank’s perfected security interest. They also assert that under the terms of the Agreement, FCS acknowledged that *95 M&T Bank had a first perfected security interest in all assets in FCS’s account.
The movants also assert that plaintiff never advised M&T Bank that it owned any of the GST shares held by M&T Bank on behalf of FCS, and never made a demand on M&T Bank for the return of said shares. In fact, they claim that M&T Bank did not learn of plaintiffs alleged ownership of the GST shares until after plaintiff filed its complaint in this action.
Plaintiff opposes dismissal, claiming that the Agreement granted M&T Bank a security interest only in securities belonging to FCS, not securities belonging to FCS’s customers, and that plaintiff never authorized FCS to grant M&T Bank a security interest in its GST shares. Thus, plaintiff contends that M&T Bank never obtained a perfected security interest in its GST shares, and that M&T Bank’s seizure and sale of said shares were therefore unlawful. Plaintiff also notes that it commenced insolvency proceedings against FCS in September 1999.
In reply, the movants assert that the Agreement grants M&T Bank a perfected security interest in all assets in FCS’s account, and makes no distinction between the securities held for FCS or its customers. The movants further argue that even if plaintiff recently commenced an insolvency proceeding against FCS, plaintiff nevertheless has no standing to pursue an action against M&T Bank until the trustee elects not to do so.
Discussion
On a motion to dismiss a complaint for failure to state a cause of action, the complaint must be liberally construed in the light most favorable to the plaintiff. (Guggenheimer v Ginzburg, 43 NY2d 268, 274-275 [1977].) The court must accept each and every allegation, and reasonable inferences therefrom as true, and, if plaintiff is entitled to recovery based upon any reasonable view of the stated facts, the complaint as a pleading is legally sufficient. (McGill v Parker, 179 AD2d 98, 105 [1st Dept 1992]; 219 Broadway Corp. v Alexander’s, Inc., 46 NY2d 506, 509 [1979].) The court’s inquiry is limited to ascertaining whether the pleading states a cause of action. (Guggenheimer v Ginzburg, 43 NY2d 268.) Furthermore, in assessing a motion under CPLR 3211 (a) (7), a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint. (Leon v Martinez, 84 NY2d 83, 88 [1994].)
Here, the court must initially contend with plaintiffs claim that M&T Bank never obtained a perfected security interest in *96 the GST shares. As the court noted in its June 24, 1999 decision and order, “even though FCS violated the terms of [UCC] 8-504(b) by pledging GST shares as collateral without plaintiffs permission, this offense is not dispositive of the issue of whether M&T Bank obtained a perfected security interest which takes priority over plaintiffs claim.” Rather, the Official Comment to UCC 8-504 (b) states that the rights of a secured party to whom a securities intermediary wrongfully grants a security interest are governed by UCC 8-503 and 8-511.
UCC 8-503 (a) provides, in part, that “all interests in * * * financial asset held by the securities intermediary [here FCS] are held by the securities intermediary for the entitlement holders [here plaintiff], are not the property of the securities intermediary, and are not subject to the claims of creditors of the securities intermediary, except as otherwise provided in Section 8-511” (Emphasis supplied.)
UCC 8-511 sets forth the priority rules for claims by a creditor of the securities intermediary and an entitlement holder. Subsection (a) states that the claims of entitlement holders have priority,, except as otherwise provided in subsections (b) and (c). Subsection (b) provides that the claims of a secured creditor have priority if the secured creditor obtains control of the securities, and subsection (c) provides a priority for secured lenders of clearing corporations to enable such clearing corporations to establish liquidity facilities to complete transactions.
Furthermore, UCC 8-503 (b) provides: “An entitlement holder’s property interest with respect to a particular financial asset under subsection (a) is a pro rata property interest in all interests in that financial asset held by the securities intermediary, without regard to the time the entitlement holder acquired the security entitlement or the time the securities intermediary acquired the interest in that financial asset.” Thus, subsection (b) makes clear that “the property interest described in subsection (a) is an interest held in common by all entitlement holders who have entitlements to a particular security or other financial asset[, and that t]emporal factors are irrelevant.” (UCC 8-503, Official Comment 1, McKinney’s Cons Laws of NY, Book 62½, 1999-2000 Interim Pocket Part, at 103-104.)
Here, it is clear that M&T Bank obtained “control” of the GST shares held by M&T Bank pursuant to the security clearance agreement and pledged by FCS in the Agreement. Accordingly, the court finds that M&T Bank did have a perfected security interest in the GST shares in FCS’s account.
*97 The court’s inquiry, however, does not end with this finding. UCC 8-503 (d) and (e) specify the limited circumstances in which an entitlement holder’s property interest can be asserted against a third person (such as M&T Bank) to whom the securities intermediary transferred a financial asset that was subject to the entitlement holder’s claim when held by the intermediary. Subsection (d) provides:
“An entitlement holder’s property interest with respect to a particular financial asset under subsection (a) may be enforced against a purchaser of the financial asset or interest therein only if:
“(1) insolvency proceedings have been initiated by or against the securities intermediary;
“(2) the securities intermediary does not have sufficient interests in the financial asset to satisfy the security entitlements of all of its entitlement holders to that financial asset;
“(3) the securities intermediary violated its obligations under Section 8-504 by transferring the financial asset or interest therein to the purchaser; and
“(4) the purchaser is not protected under subsection (e). The trustee or other liquidator, acting on behalf of all entitlement holders having security entitlements with respect to a particular financial asset, may recover the financial asset, or interest therein, from the purchaser. If the trustee or other liquidator elects not to pursue that right, an entitlement holder whose security entitlement remains unsatisfied has the right to recover its interest in the financial asset from the purchaser.”
UCC 8-503 (e) provides: “An action based on the entitlement holder’s property interest with respect to a particular financial asset under subsection (a), whether framed in conversion, replevin, constructive trust, equitable lien, or other theory, may not be asserted against any purchaser of a financial asset or interest therein who gives value, obtains control, and does not act in collusion with the securities intermediary in violating the securities intermediary’s obligations under Section 8-504.” Thus, in those circumstances where the secured creditor acted in collusion with the intermediary in violating the intermediary’s obligation to its entitlement holders, then under section 8-503 (e), “the entitlement holders, through their representative in insolvency proceedings, could recover the interest from the secured creditor, that is, set aside the security interest.” (UCC 8-511, Official Comment 1, McKinney’s Cons Laws of NY, Book 62½, 1999-2000 Interim Pocket Part, at 119.)
*98 The movants claim that plaintiff cannot properly maintain an action against them because plaintiff fails to meet the threshold requirements set forth in section 8-503 (d) and (e), namely, that FCS is involved in insolvency proceedings, that FCS has insufficient shares of GST to satisfy the securities entitlements of its entitlement holders, and that the movants colluded with FCS to violate plaintiff’s rights.
However, the court concludes that the amended complaint satisfactorily alleges that M&T Bank acted in collusion with FCS to deprive plaintiff of its entitlement holding. Specifically, the amended complaint alleges that M&T Bank and M&T Securities extended credit to FCS far in excess of the amount provided for in the Agreement, knowing that FCS did not have sufficient assets to cover the increased credit, and by artificially inflating the price of the GST shares in order to recover as much as possible of FCS’s debit balance. Moreover, it is undisputed that bankruptcy proceedings have been commenced against FCS, presumably because FCS does not have sufficient shares of GST to satisfy plaintiff’s claim. Thus, plaintiff has pleaded valid claims to recover damages against the movants based upon M&T Bank’s sale of plaintiff’s GST shares and retention of the proceeds of sale.
Aside from attacking plaintiff’s ability to meet UCC prerequisites to maintain this action, the movants also assert that the amended complaint should be dismissed as to them because plaintiff has failed to allege all of the elements of each cause of action pleaded. As noted, plaintiff alleges claims against the movants for conversion, unjust enrichment, constructive trust, negligence and injunction.
Contrary to the movant’s assertion, the amended complaint satisfactorily alleges that plaintiff had a superior right of possession to its shares of GST stock, and that M&T Bank and M&T Securities exercised unauthorized dominion over said shares to the exclusion of plaintiff’s rights, so as to set forth a valid claim for conversion. (See, C.B. W. Fin. Corp. v Computer Consoles, 122 AD2d 10, 12 [2d Dept 1986].)
Similarly, the amended complaint states a valid claim for unjust enrichment, satisfactorily alleging that M&T Bank and M&T Securities were enriched by selling plaintiff’s GST shares, and that equity and good conscience require that M&T Bank return said shares. (See, Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421 [1972].)
However, the court agrees with the movants that plaintiff has failed to assert a sufficient negligence claim. To state a *99 cause of action for negligence, plaintiff must allege facts sufficient to establish the existence of a duty owing to it from the movants, and the breach of that duty causing injury to plaintiff. (See, Akins v Glens Falls City School Dist., 53 NY2d 325, 333 [1981].) Here, plaintiff fails to allege any facts to establish that either M&T Bank or M&T Securities owed plaintiff a duty of care. Absent such allegations, the negligence claim must fail.
The cause of action for a constructive trust must similarly be dismissed because plaintiff fails to allege any facts to establish a confidential or fiduciary relationship between it and either M&T Bank or M&T Securities. (See, Sharp v Kosmalski, 40 NY2d 119, 121 [1976].) Finally, plaintiffs cause of action for a permanent injunction should be dismissed, because, as the court previously held, plaintiff has adequate remedies at law.
In addition, the branch of the motion that seeks to strike plaintiffs demand for punitive damages is granted, because the acts complained of herein involve a private wrong not “ ‘aimed at the public generally.’ ” (Rocanova v Equitable Life Assur. Socy., 83 NY2d 603, 613 [1994].) Furthermore, because plaintiff has adequately stated causes of action against the movants, the movants’ request to deny plaintiff leave to re-plead, and award them costs and reasonable attorney’s fees, is also denied.
Finally, because UCC 8-503 (d) and the Official Comments to UCC 8-511 make clear that an entitlement holder like plaintiff, through its representative in insolvency proceedings, must first attempt to recover the interest from the secured creditor before prosecuting a separate action, this action, as pared down in this decision, must be stayed pending the resolution of the foreign insolvency proceeding.
In accordance with the foregoing, it is ordered that the motion of defendants Manufacturers and Traders Trust Company, also known as M&T Bank Corporation, and M&T Securities, Inc., to dismiss plaintiffs amended complaint is granted to the extent that the causes of action for negligence, constructive trust, a permanent injunction and punitive damages are dismissed, and it is otherwise denied; and it is further ordered that the remainder of the action against these defendants is severed; and it is further ordered that defendants Manufacturers and Traders Trust Company, also known as M&T Bank Corporation, and M&T Securities, Inc.’s request that the court deny plaintiff leave to replead, and to award them costs and reasonable attorney’s fees is denied; and it is further ordered that the action is stayed pending the resolution of the foreign *100 bankruptcy proceeding and the prosecution, by the trustee in that proceeding, of plaintiffs claims against defendants Manufacturers and Traders Trust Company, also known as M&T Bank Corporation, and M&T Securities, Inc.