■ G & G INVESTMENTS, INC., et al., Appellants, v REVLON CONSUMER PRODUCTS CORPORATION, Respondent. [724 NYS2d 411] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 27, 2000, which, to the extent appealed from, granted defendant summary judgment dismissing the causes of action premised upon mutual mistake, unjust enrichment, and unilateral mistake of material fact, unanimously affirmed, with costs.

Plaintiffs decided not to complete testing of the equipment before signing an agreement that included a specific and express representation that they evaluated the entire system and its adequacy for their purposes. This was a failure of ordinary care that precludes plaintiffs' demand for rescission, whether the basis is mutual mistake (*see, Williamson Cent. School Dist. v E & L Piping*, 261 AD2d 937, 938, *lv denied* 93 NY2d 816) or unilateral mistake (*see, Morey v Sings*, 174 AD2d 870, 872). Since a valid contract exists governing the subject matter in dispute, the cause of action for unjust enrichment is untenable (*see, G & S Custom Homes v Holtz*, 179 AD2d 1025, 1026). Plaintiffs' argument that summary judgment should be denied while further discovery is conducted is without merit (*see, Bailey v New York City Tr. Auth.*, 270 AD2d 156, 157).

Concur—Rosenberger, J. P., Mazzarelli, Andrias, Buckley and Friedman, JJ.