■ PERRY GERSHON et al., Appellants, v CDC IXIS CAPITAL MARKETS, INC., et al., Respondents. [767 NYS2d 12]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered September 20, 2002, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

The terms of plaintiffs' employment by defendants were set forth in written agreements, which provided that compensation would be paid in consideration of "all services rendered by you" and that plaintiffs were to "devote your entire time, best professional efforts and skills to assist in the building of the asset securitization business." Plaintiffs' contention that the transaction for which they seek additional compensation was not part of defendants' securitization business is contradicted by the documentary evidence. In any event, the contract makes plain that compensation is paid in return for all services rendered by plaintiffs and that bonus payments are "on a discretionary basis" according to individual and departmental operating results. Thus, the contract language is clear and unambiguous, affording no opportunity for the introduction of parol evidence (*Agip Petroleum Co. v 666 Fifth Ave. Ltd. Partnership*, 297 AD2d 483, 485 [2002], *lv denied* 99 NY2d 504 [2002]) and no basis for interpretation or modification by the courts (*Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]; *see also R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 32 [2002]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Furthermore, since plaintiffs were contractually obligated to devote their entire efforts to defendants' business, they could not have been further induced (fraudulently or otherwise) to remain in defendants' employ (*see SAA-A, Inc. v Morgan Stanley Dean Witter & Co.*, 281 AD2d 201, 203 [2001]). That plaintiffs may have proceeded improvidently in the absence of a clear understanding with respect to the purpose to be served by the disputed transaction or the nature of their compensation does not afford a basis for recovery against their employers (*see Charles Hyman, Inc. v Olsen Indus.*, 227 AD2d 270, 277 [1996]).

We have considered plaintiffs' other contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Andrias, Sullivan and Lerner, JJ.