■ RALCO, INC., et al., Appellants, v CITIBANK, N.A., as Successor in Interest to European American Bank, et al., Respondents. [820 NYS2d 248]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered June 23, 2005, which granted defendants' motion for summary judgment in the direct action and on the counterclaim for attorneys' fees, unanimously affirmed, with costs.

The cause of action for breach of the covenant of good faith and fair dealing was properly dismissed based on the language of the note at issue, which precluded any oral modifications and contained no-waiver clauses providing that defendant European American Bank "shall not, by any act, delay, omission or otherwise, be deemed to have waived any of its rights and/or remedies." Any antecedent oral representations which vary or add to the terms of the note are barred by the parol evidence rule (*SAA-A, Inc. v Morgan Stanley Dean Witter & Co.*, 281 AD2d 201, 203 [2001]). Furthermore, since the note required that any amendments must be in writing, oral modifications are prohibited by statute (*id.*; see General Obligations Law § 15-301). Even assuming there was an oral modification requiring the bank to provide plaintiff Ralco with notice prior to declining to extend its line of credit postmaturation, there was no consideration for any such modification and it would not be enforceable.

Supreme Court properly granted defendants' motion for summary judgment on their counterclaim for attorneys' fees. Defendants made a prima facie showing of entitlement to judgment as a matter of law on their counterclaim by submitting the note and accompanying security agreement, each of which contain a provision requiring plaintiffs to reimburse defendants for reasonable attorneys' fees incurred in the collection of amounts owed under the note. In opposition, plaintiffs failed to raise a triable issue of fact. While plaintiffs maintain that a stipulation resolving their liability for sums advanced under the note also resolved the issue of their liability for defendants' attorneys' fees, plaintiffs failed to submit the stipulation or any evidence indicating its terms. Therefore, plaintiffs failed to raise a triable issue of fact regarding whether the stipulation relieved them of their obligations to reimburse defendants for reason-

able attorneys' fees incurred collecting amounts owed under the note. Concur—Andrias, J.P., Saxe, Williams, Sweeny and Mc-Guire, JJ.