Judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered November 2, 2007, dismissing the complaint as against defendants-respondents Richard A. Joseph, Doug Joseph, Hudson Securities, Inc., and Koonce Securities, Inc., pursuant to an order, same court and Justice, entered February *270 7, 2007, which granted respondents’ motions pursuant to CPLR 3211 (a) (7) to dismiss the complaint as against them, unanimously affirmed, with costs.
The Seibels Bruce Group (Seibels), a nonparty to this action, is a holding company for property and casualty insurance companies. On March 1, 2004, Wachovia bought Seibels securities for its account, after which those securities underwent a 1,000-to-l reverse stock split. In attempting to close its position by selling those shares, Wachovia claimed that it “mistakenly” short sold the new securities, which had a new trading symbol and a starkly different value. Wachovia commenced this action to rescind the transaction on the basis of unconscionability, unilateral mistake and unjust enrichment, and sought the imposition of a constructive trust.
The record establishes that the court applied the appropriate standards on the motions to dismiss and properly determined that the allegations in the complaint were insufficient to defeat said motions (see e.g. Matter of Sud v Sud, 211 AD2d 423, 424 [1995]). A determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable when made, i.e., “some showing of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party” (Gillman v Chase Manhattan Bank, 73 NY2d 1, 10 [1988] [internal quotation marks and citations omitted]). Even assuming that somehow a “trap” was set into which Wachovia fell, the complaint does not establish that Wachovia was coerced in any way to enter into that specific transaction. Rather, Wachovia placed an unsolicited market order in an attempt to cover its short position in Seibels shares, and absent any aggravating factors which indicate an inequity in bargaining power, price alone will not support a finding of substantive unconscionability (see Hertz Corp. v Attorney-General of State of N.Y., 136 Misc 2d 420, 425 [1987]).
Wachovia also failed to establish a right of recovery on the basis of unilateral mistake, as the complaint failed to allege facts that would sufficiently establish that its purported unilateral mistake was caused by fraudulent conduct on the part of any of respondents, and that the mistake occurred despite Wachovia’s exercise of due diligence (see Gaylords Natl. Corp. v Arlen Realty & Dev. Corp., 112 AD2d 93, 96 [1985]; Bailey Ford v Bailey, 55 AD2d 729, 730 [1976]). There is no indication in the record that Wachovia, a sophisticated investor, undertook further investigation to ascertain why the stock symbol it initially entered into its computer system was rejected prior to *271 the subject transaction (see G & G Invs. v Revlon Consumer Prods. Corp., 283 AD2d 253 [2001]).
The record does not support Wachovia’s allegations of injustice or unjust enrichment, but only supports a finding that Wachovia made a costly error due to its own conduct (see Tompers v Bank of Am., 217 App Div 691, 694 [1926]). Furthermore, a party claiming entitlement to a constructive trust must establish: “(1) a confidential or fiduciary relation, (2) a promise, express or implied, (3) a transfer made in reliance on that promise, and (4) unjust enrichment” (Bankers Sec. Life Ins. Socy. v Shakerdge, 49 NY2d 939, 940 [1980]), and here, the absence of a fiduciary relationship between these sophisticated entities defeats any entitlement to a constructive trust (see SNS Bank v Citibank, 7 AD3d 352, 354 [2004]; Nathan W. Drage, PC. v First Concord Sec., 184 Misc 2d 92, 99 [2000]).
We have considered Wachovia’s remaining arguments, including that the motion court made incorrect findings of fact, and find them unavailing. Concur—Andrias, J.R, Saxe, Gonzalez, Catterson and Acosta, JJ.