■ RICH TOWN REALTY, INC., Respondent, v KIM'S INTERNATIONAL, INC., Appellant. [936 NYS2d 889]—

The court properly denied defendant's motion to vacate the default. In order to succeed on its motion, defendant was required pursuant to either CPLR 317 or CPLR 5015 (a) (1) to establish a meritorious defense. Defendant failed to do so because the original commission agreement stated that its terms could not be changed orally. Evidence of any alleged oral modification to decrease the broker's commission from $500,000 to $250,000 is barred by the explicit terms of the commission agreement (*see* General Obligations Law § 15-301 [1]; *Rose v Spa Realty Assoc.*, 42 NY2d 338 [1977]; *Ralco, Inc. v Citibank, N.A.*, 32 AD3d 301 [2006]). Indeed, when the parties first agreed to modify the terms of payment of the broker's commission, they executed a writing in compliance with the original commission agreement. Thus, contrary to defendant's contention, the subsequent agreement affects the original agreement only as to how the broker's commission would be paid. Concur—Mazzarelli, J.P., Saxe, Catterson, Acosta and Román, JJ.