■ SFR HOLDINGS LTD. et al., Appellants, v JOHN RICE et al., Respondents. [17 NYS3d 398]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered on or about December 3, 2014, which,

to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the fraudulent inducement cause of action as to defendants Capstone Capital Group I, LLC, Capstone Trade Partners, Ltd., and Capstone Business Credit LLC (collectively the Capstone Operating Entities), and granted defendants' motion to dismiss the fraud, unjust enrichment, actual fraudulent conveyance, constructive fraudulent conveyance, breach of contract, declaratory judgment, and attorney's fees causes of action, unanimously modified, on the law, to deny the motion to dismiss the fraud cause of action as to defendants Rice, Ingrassia, Capstone Capital Management Inc., Capstone Cayman Special Purpose Fund LP, and Capstone Special Purpose Fund LP, and otherwise affirmed, without costs.

As the motion court correctly found, in determinating whether plaintiffs' complaint alleges direct or derivative claims, the relevant analysis is "[w]ho suffered the alleged harm . . . [and] who would receive the benefit of any recovery or other remedy" (*Tooley v Donaldson, Lufkin & Jenrette, Inc.*, 845 A2d 1031, 1033 [Del 2004]; *Yudell v Gilbert*, 99 AD3d 108, 110 [1st Dept 2012] [adopting test set forth in *Tooley*]). Here, plaintiffs' fraud claim was properly brought as a direct claim, as the plaintiffs individually suffered the alleged harm and would benefit from any recovery (*see Fraternity Fund Ltd. v Beacon Hill Asset Mgt. LLC.*, 376 F Supp 2d 385, 409 [SD NY 2005]). Plaintiffs sufficiently stated a cause of action for fraud as against defendants Rice, Ingrassia, Capstone Capital Management Inc., Capstone Cayman Special Purpose Fund LP, and Capstone Special Purpose Fund LP (*see Zanett Lombardier, Ltd. v Maslow*, 29 AD3d 495, 495 [1st Dept 2006]).\* Plaintiffs alleged that these defendants defrauded them by inducing their investment in funds by promising that the funds would only invest in short-term, liquid asset-based loans, that these defendants improperly caused the funds to invest in real estate, and that these defendants repeatedly failed to disclose and actively concealed the real estate investments. Plaintiffs claim that, had they known about the real estate investments, they would have never invested with these defendants, or they would have redeemed much earlier than they did, thereby sparing them loss.

As the allegations in the complaint are not directed at the Capstone Operating Entities, plaintiffs' request to reinstate

---

\* We note that plaintiffs do not dispute defendants' contention that the motion court correctly dismissed this claim as to defendants Beasty and Olson.

the fraud and fraudulent inducement claims as to these entities is unavailing.

The motion court correctly dismissed the breach of contract and declaratory judgment causes of action, since the contracts at issue do not specifically prohibit the investments or in-kind distribution at issue. In addition, because it is undisputed that a valid contract exists governing this dispute, "the cause of action for unjust enrichment is untenable" (*G & G Invs. v Revlon Consumer Prods. Corp.*, 283 AD2d 253, 253 [1st Dept 2001]).

The motion court correctly dismissed plaintiffs' claims for actual and constructive fraudulent conveyances, and for attorney's fees. Even under plaintiffs' choice-of-law analysis, the claims are governed by the law of the Cayman Islands and Delaware, as that is where the injury occurred (*see Elmaliach v Bank of China Ltd.*, 110 AD3d 192, 202 [1st Dept 2013]), and plaintiff failed to plead the claims under those laws.

Plaintiffs' request for leave to amend the complaint is academic or unavailing. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ.