■ EDWARD I. BYER, Appellant, v CITY OF NEW YORK et al., Defendants, and LAW ASSISTANTS ASSOCIATION OF THE CITY OF NEW YORK, Respondent.— Order and judgment, Supreme Court, New York County, entered April 10, 1975 and May 6, 1975, dismissing the plaintiff-appellant's complaint, unanimously reversed, on the law, without costs, and without disbursements, the judgment vacated, and the defendants directed to serve an answer. Prior to answer the defendant-respondent moved under CPLR 3211 (subd [a]) to dismiss the complaint on several grounds, all but one of which were denied by Special Term. It granted dismissal on the ground of waiver and estoppel; that the plaintiff had relinquished a right that, although unknown to him, ought to have been known since it was a right vested by statute and he is an attorney. This is contrary to law. A waiver is an intentional relinquishment; it cannot be created by "Negligence, oversight or thoughtlessness" *(Alsens Amer. Portland Cement Works v Degnon Contr. Co.,* 222 NY 34, 37). There is, in this context, no presumption that all must know the law *(Municipal Metallic Bed Mfg. Corp. v Dobbs,* 253 NY 313). In this appeal by the plaintiff, the defendant-respondent has briefed alleged errors in the Special Term's denial of its motion to dismiss the complaint on those grounds other than waiver. The plaintiff has moved to stay argument on those points, claiming that they should have been raised by cross appeal. The motion is denied because, whether the points should have been raised by cross appeal, or not, they lack merit. The determination respecting the objection to the plaintiff's allegation of confidential status and his right to maintain a class action was properly stated by Special Term. The plaintiff's failure to exhaust an administrative remedy is not necessarily fatal to the court's jurisdiction, especially where the ultimate determination involves statutory construction *(Campbell v Lindsay,* 78 Misc 2d 841, mod on other grounds, 48 AD2d 621). Concur—Murphy, J. P., Tilzer, Lane, Nunez and Lynch, JJ.