■ VALERIE ROBIN, by Her Father, EDWARD ROBIN, Appellant, v NEW YORK STATE PUBLIC HIGH SCHOOL ATHLETIC ASSOCIATION et al., Respondents. —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to affirm petitioner's eligibility to participate in interscholastic sports, petitioner appeals from a judgment of the Supreme Court, Westchester County, entered July 16, 1979, which, upon upholding a determination that petitioner had violated a rule of the respondent athletic association and which barred her from playing interscholastic soccer for one year, dismissed the proceeding. Judgment reversed, on the law, without costs or disbursements, and petition granted in accordance herewith. Petitioner is an avid and accomplished high school sportswoman who played soccer on her school's boys' team during her freshman year, and later attended the summer "soccer camp" of an internationally acclaimed professional. She failed in her tryout for the boys' junior varsity soccer team in the fall of her sophomore year, however, and when she then attempted to try out for the girls' varsity team, she was told the deadline had passed, although the playing season had not begun yet. Stymied in her attempts to participate in the sport on a school team, yet still desirous of playing, petitioner requested and was granted permission by the soccer coach of a local college to practice with the college team. Petitioner practiced with that team about 10 times during the month of October, 1978, and in doing so violated Eligibility Rule No. 18 of the respondent athletic association governing high school students' participation in interscholastic sports. The rule provides that "a student is no longer eligible to represent the school in any sport if the student participates in practice with or against any colllege athletic squad." Petitioner asserts that she was unaware of the rule and there is absolutely nothing in the record to the contrary. Indeed, respondents concede their ignorance of whether petitioner was aware of the rule, but, nevertheless, argue that high school students should be "inherently familiar" with the prohibition against practice with a college team. Notwithstanding petitioner's unawareness of the rule, and the fact that she immediately ceased practicing with the college team when informed and warned by her high school principal that to continue "might jeopardize her future eligibility", the association found a technical violation and suspended her from participation in any interscholastic sport. Prior to commencing the instant pro-

ceeding, petitioner exhausted the available appeals to the association's Executive and Central Committees; while each upheld the finding of a violation, the Central Committee modified the penalty, suspending petitioner from interscholastic soccer only, for a period of one year, computed from the date of her last practice with the college team. This penalty attached to petitioner regardless where she attended school. In January, 1979, petitioner transferred to a private school where she became a member of the lacrosse team. With the approval of the respondent association, if not at its direction, those public schools with which petitioner's school was scheduled to compete refused to participate if petitioner played on her school's lacrosse team. This refusal negated any attempts petitioner might make to participate in interscholastic athletics, and gave harsh effect to the association's decision against her. Unable to establish that petitioner knew of the rule before violating it, the respondent association urges this court to agree that just as all persons are presumed to know the law, so petitioner and all other high school students ought to be presumed to know the rules of a voluntary association regulating their high school athletics. We do not agree. As stated in *Municipal Metallic Bed Mfg. Corp. v Dobbs* (253 NY 313, 317), "No presumption exists that all men know the law. The maxim 'a man is presumed to know the law,' is a trite, sententious saying, 'by no means universally true.'" Such being so, there would occur a complete failure of logic were we to hold high school students chargeable with knowledge of an association's rules governing their conduct in athletics absent any notice of the rules, their contents or applicability (cf. *Byer v City of New York,* 50 AD2d 771). In light of the failure of the respondent association to adduce proof of actual or constructive notice to petitioner, we find the determination that she violated the rule to be without sound basis in reason and to have been made without regard to the facts. It was a clear abuse of discretion on the part of the association and served no purpose other than to relegate an enthusiastic high school student to pariahdom, a result we may not support or condone. Under the circumstances, we grant petitioner the relief sought, rescission of the determination and penalty against her and expunction of any records relating to the ineligibility. O'Connor, J. P., Lazer, Rabin and Gulotta, JJ., concur.