■ SIMON HABERMAN, Doing Business as ORWELL MANAGEMENT, Respondent, v JOHN L. HAWKINS et al., Appellants.— Order of the Appellate Term of the Supreme Court, First Department, reversing a judgment of the Civil Court, New York County (Joan B. Lobis, H.J.), entered July 5, 1988, which, following trial, dismissed the petition, and reversing a judgment of such Civil Court, entered January 10, 1989, which, following a hearing, awarded attorneys' fees to respondents-tenants, unanimously reversed, on the law and the facts, and the judgments of such Civil Court are reinstated, without costs.

Petitioner-landlord, proprietary lessor of a rent controlled apartment in a cooperative building at 257 Central Park West in Manhattan, seeks to recover possession of the unit from respondents-tenants for unauthorized alterations. The tenants have occupied the apartment since 1972. The building was converted to a cooperative in or about 1978.

The specified alterations, all of which were made by the tenants in 1987, consist of the replacement of kitchen cabinet doors, the installation of French doors at the kitchen entrance and the replacement of six windows at a cost of about $6,400. The trial court found that there was no evidence that these alterations resulted in building code violations or damage to the premises, or that the alterations were unnecessary. To the contrary, the landlord admitted that the windows and cabinets were some nineteen years old, and the trial court found that the windows were replaced after the landlord failed to do so. The trial court further found that in 1983, after discussion with the landlord, the tenants had replaced one of the windows which was defective.

Paragraph 5 of the parties' lease agreement prohibits alterations by the tenant without the landlord's prior written consent. The clause further provides that all alterations "shall become the property of landlord, and shall remain upon and be surrendered with said premises * * * at the end of the [lease] term * * * unless landlord elects by written notice * * * not less than fifteen (15) days prior to the expiration * * * to have them removed * * * at Tenant's expense." Tenants concede that they did not have written consent.

The violation of an express covenant not to make any alterations without the landlord's permission is a violation of

a "substantial obligation" of the tenancy. *(Rumiche Corp. v Eisenreich,* 40 NY2d 174, 178 [1976]; *Freehold Invs. v Richstone,* 34 NY2d 612 [1974], *reinstating* 72 Misc 2d 624, 625-626 [App Term, 1st Dept 1973].) Nevertheless, we find that the tenant presented sufficient evidence to support the affirmative defense of estoppel and waiver based upon the landlord's having given his prior consent to the replacement of the windows. In that regard, it is evident that the tenant replaced the first window in 1983 after discussing the subject of the defective condition of the windows with the landlord. The remaining windows were replaced in 1987. Furthermore, the record reflects that the landlord waited four years and until all of the windows had been changed before alleging that the tenant was in substantial violation of the lease. The tenant established at trial that the landlord had been notified of the defective condition of the windows when he complained of the matter to the landlord and was, accordingly, given permission by the latter to replace the windows. It appears that the landlord did not object to the replacement of the defective windows so long as it was done at the tenant's expense.

Petitioner-landlord's motion [M-4646] for clarification of this court's order, entered October 4, 1990, continuing a stay of the order of the Appellate Term pending disposition of this appeal, is denied. Concur—Kupferman, J. P., Sullivan, Carro and Milonas, JJ.

Smith, J., concurs in the result only.