In the Matter of WILLIAM HERBERG, by His Next Friend, BERTHA HERBERG, Respondent, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent.

First Department, May 21, 1992

## APPEARANCES OF COUNSEL

*Judy E. Nathan* of counsel *(Robert J. Schack* with her on the brief; *Robert Abrams, Attorney-General,* attorney), for appellant.

*Steven B. Telzak* of counsel *(Lee Vilker* with him on the brief; *Bronx Legal Services Office of the Elderly,* attorney), for respondent.

## OPINION OF THE COURT

MILONAS, J. P.

After suffering a debilitating stroke, petitioner, the late William Herberg, was hospitalized from September 29, 1988 through November 7, 1988. Already a victim of Parkinson's Disease, blindness and diabetes, petitioner was now left paralyzed on his left side and completely unable on his own to ambulate, bathe, dress, eat or meet his toiletary needs. He thereupon applied for, and was accepted by, the New York City Human Resources Administration Medical Assistance Program (MAP) so that he could receive Medicaid for his chronic care. Although Medicaid was subsequently awarded

retroactively for his entire hospital stay, while the application was still pending, Dr. Raanan Smelin, the treating physician, advised petitioner and his wife, Bertha Herberg, of the need for continuous observation and care. The hospital referred them to the Nurses Professional Placement Agency, Inc., located within the institution. To provide for petitioner's care, his wife was compelled to exhaust her savings, as well as borrow a substantial amount of money, totaling $11,550. Petitioner later requested reimbursement from Medicaid for his out-of-pocket expenditures, but MAP denied the application solely because "in-hospital nurses aide services are not covered by the Medicaid program." This was the first time that petitioner learned that he had received the services of a nurse's aide rather than a nurse.

A fair hearing was demanded. Despite petitioner's appearance in the company of his counsel, several adjournments ensued. Respondent Cesar Perales, Commissioner of New York State Department of Social Services, instead of rendering a prompt and final ruling, ultimately remanded the matter to the New York State Department of Health, Office of Health Systems Management (OHSM) and MAP for a redetermination of petitioner's eligibility for private duty services. However, OHSM simply reiterated the reason which MAP had previously given, that private duty nursing care must be supplied by a registered nurse or a licensed practical nurse. Then, following a series of additional adjournments, with neither the New York State Department of Health nor representatives of the City of New York appearing at the fair hearing, respondent Perales rendered a decision describing OHSM's determination as being incorrect and directing OHSM to make a new ruling if it found petitioner to be eligible for nursing services. OHSM again denied petitioner's application, and at the conclusion of this process, petitioner was in exactly the same position as he had been when he started, and, rather than repeat this futile administrative exercise, he opted for judicial review pursuant to CPLR article 78. The Supreme Court directed respondents to reimburse petitioner in the amount of $11,550 plus interest thereon for out-of-pocket expenses for in-hospital nurse's aide services, and respondent has appealed.

■ At the outset, it should be noted that respondents' contention that the Supreme Court should have remanded this matter for a new hearing as a result of petitioner's failure to exhaust administrative remedies is without substance. The

Court of Appeals has recognized that it is unnecessary to require administrative procedures to be completely exhausted when further resort to such process would, as herein, be futile (*Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52; *see also, Matter of Mitchell v New York City Dept. of Consumer Affairs,* 160 AD2d 487; *Martin A. v Gross,* 153 AD2d 812). In any event, the instant situation does not present a substantive factual dispute between the parties. What is really involved here is purely the construction of the relevant statutory and regulatory framework, and the exhaustion of administrative remedies is not mandated (*McKechnie v Ortiz,* 132 AD2d 472; *Byer v City of New York,* 50 AD2d 771). In that regard, Social Services Law § 365-a provides that:

"2. 'Medical Assistance' shall mean payment of part or all of the cost of care, services and supplies which are necessary to prevent, diagnose, correct or cure conditions in the person that cause acute suffering, endanger life, result in illness or infirmity, interfere with his capacity for normal activity, or threaten some significant handicap and which are furnished an eligible person in accordance with this title, and the regulations of the department. Such care, services and supplies shall include, but need not be limited to:

"(a) * * * services of qualified physicians * * * nurses except that private duty nursing shall be provided subject to section three hundred sixty-seven-*l* of this chapter * * * and other related professional personnel;

"(b) care, treatment, maintenance and nursing services in hospitals".

Thus, section 365-a of the Social Services Law authorizes a wide range of services to Medicaid recipients performed by any appropriate "professional personnel" in the care, treatment, maintenance and nursing of hospital patients. Respondents rely upon 18 NYCRR 505.8 to deny petitioner reimbursement for the cost of the nurse's aides. According to this regulation:

"(a) *Where nursing care may be provided.* Nursing service as medically needed shall be provided to medical assistance recipients in the person's home or in a hospital.

"(b) *Who may provide nursing care.* (1) Nursing care to patients in New York State shall be provided by a person possessing a license and current registration from the New York State Education Department to practice as a registered professional nurse or licensed practical nurse * * *

"(c) *Private duty nursing care in the hospital.* Private duty nursing care in the hospital shall be provided on the recommendation of the patient's attending physician when the patient is in need of individual and continuous care beyond that available by the staff of a hospital, including that which is available in a critical care area."

■ Special Term properly construed 18 NYCRR 505.8 as a limitation only upon who may furnish "nursing" services since Social Services Law § 365-a does not restrict in-hospital services to nursing. The statute, which is much more inclusive than respondents evidently consider it to be, allows for care, treatment and maintenance in addition to nursing and does not require only a registered nurse or licensed practical nurse to supply the types of services needed by petitioner; any qualified professional may do so. Consequently, the Supreme Court correctly recognized that:

"Mr. Herberg's doctor requested that a private duty nurse assist Mr. Herberg with daily care and maintenance. The services provided by the private duty nurses aide were for bathing, feeding, toileting, dressing, moving and supervision which were required because of his total incapacity as a result of blindness and paralysis.

"There is no question that there is a severe shortage of professional nurses in New York City. Nurses aides, not R.N.'s or L.P.N.s., customarily provide the services Mr. Herberg required. Moreover, hospital wards are not, and probably never were, staffed to provide the continuous level of basic personal care totally incapacitated patients such as Mr. Herberg require. The nurses aides assigned to care for Mr. Herberg were trained para-professionals provided by a professional nursing agency recommended by the hospital. A registered nurse or L.P.N. is not needed to give care and maintenance services and it would be unnecessarily costly and wasteful of scarce professional resources to require them to do so."

■ Respondents appear to believe that reimbursement for in-hospital care and maintenance can occur only when the services are supplied by the hospital itself (for instance, if it were to retain its own nurse's aides) or in an intensive care unit. However, there is no basis for this conclusion. Section 365-a of the Social Services Law certainly does not contain such a requirement, and it is unreasonable for respondents to endeavor to limit the scope of the statute by imposing conditions not specified therein. As the Court of Appeals observed

in *Matter of Sabot v Lavine* (42 NY2d 1068, 1069), "[a]ny statute or regulation, but particularly social legislation, however broad, must be interpreted and enforced in a reasonable and humane manner in accordance with its manifest intent and purpose". Therefore, the Supreme Court appropriately decided that respondents' refusal to reimburse petitioner for his in-hospital care by nurse's aides was arbitrary, capricious and an abuse of discretion. Yet, there is merit in the claim that the amount of the reimbursement should be computed in accordance with applicable Medicaid rates *(see, Matter of Sunrise Manor Nursing Home v Axelrod,* 135 AD2d 293) rather than simply mandating payment for out-of-pocket expenses. The matter is, thus, remanded for a calculation of the appropriate reimbursement rate for the services in question. Interest, however, was properly awarded by the Supreme Court from the date of its decision pursuant to CPLR 5002.

Consequently, the order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on October 10, 1990, which, *inter alia,* granted the petition pursuant to CPLR article 78 directing respondent to reimburse petitioner for his nursing aide care in the amount of $11,550 plus interest thereon, should be modified on the law to the extent of remanding the matter for a determination of the appropriate Medicaid reimbursement rate and otherwise affirmed, without costs or disbursements.

ROSENBERGER, ELLERIN and ASCH, JJ., concur.

Order of the Supreme Court, New York County, entered on October 10, 1990, which, *inter alia,* granted the petition pursuant to CPLR article 78 directing respondent to reimburse petitioner for his nursing aid care in the amount of $11,550 plus interest thereon, is modified, on the law, to the extent of remanding the matter for a determination of the appropriate Medicaid reimbursement rate and otherwise affirmed, without costs or disbursements.