■ HRH CONSTRUCTION CORP. et al., Appellants, v FOREST ELECTRIC CORP., Respondent. [750 NYS2d 74] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 19, 2001, which granted defendant subcontractor's motion for summary judgment dismissing the complaint, and denied plaintiffs' cross motion for summary judgment, unanimously modified, on the law, defendant's motion denied, the complaint reinstated, and otherwise affirmed, without costs.

Defendant subcontracted with plaintiff general contractor and was required to obtain general liability coverage with a combined single limit for bodily injury of $3 million per occurrence, naming plaintiff as an additional insured. If such policy was cancelled or changed during the term, Forest was obligated to give written notice to plaintiff. Defendant procured a policy (the INA policy) with a limit of $1.5 million per occurrence and $2 million general aggregate. In September 1994 one of defendant's workers tripped and fell and in September 1995 plaintiff, as an additional insured, gave notice of the loss. Two months later the law firm representing both defendant and the insurer denied coverage on the INA policy. In February 1996 defendant's worker sued plaintiff for $3 million. In October 1997 defendant purchased retroactive coverage (the CNA policy) which satisfied defendant's obligation under the subcontract with plaintiff. Forest did not, however, notify plaintiff until March 1999 that it had procured the CNA policy. When plaintiff shortly thereafter tendered the personal injury action for defense and indemnification under the CNA policy, defendant's law firm again disclaimed, now on behalf of CNA, claiming a failure by plaintiff to give timely notice of the personal injury claim.

The present declaratory judgment action alleges that defendant owed a duty to cooperate with plaintiff in the procurement of coverage for plaintiff's benefit and had breached its duty of good faith by failing to promptly inform plaintiff of the existence of the CNA policy. The IAS court granted defendant's motion to dismiss on the ground that defendant had no obligation to advise plaintiff that it had obtained the CNA policy.

The implied obligation of good faith and fair dealing has negative and positive components (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153-154; Rowe v Great Atl. & Pac. Tea Co., 46 NY2d 62, 69). A party obligated to procure insurance is required to advise the additional insured of coverage obtained in fulfillment of its contractual obligation so that

the additional insured is able to make a claim in timely fashion (*cf. Hoverson v Herbert Constr. Co.,* 283 AD2d 237, 239). Defendant, however, remained silent at a time when plaintiff could have made a timely claim. Defendant had specifically obligated itself to provide written notification of any changes to insurance. The failure to provide plaintiff with such information raises a factual issue as to whether defendant acted in good faith, an issue which cannot be resolved on this record. Concur—Andrias, J.P., Saxe, Buckley and Lerner, JJ.