■ MATTHEW ADAM PROPERTIES, INC., Appellant, v THE UNITED HOUSE OF PRAYER FOR ALL PEOPLE OF THE CHURCH ON THE ROCK OF THE APOSTOLIC FAITH et al., Respondents. [6 NYS3d 233]—

Order, Supreme Court, New York County (George J. Silver,

J.), entered March 3, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the breach of contract cause of action, and so much of the account stated cause of action as was based on underpaid management fees, and denied plaintiff's cross motion for summary judgment dismissing defendants' counterclaims for breach of contract and conversion, unanimously modified, on the law, to deny defendants' motion for summary judgment on plaintiff's breach of contract cause of action, and to grant plaintiff's motion for summary judgment dismissing defendants' counterclaim for conversion, and otherwise affirmed, without costs.

Defendants' failure to plead the affirmative defense of waiver in their answer did not preclude them from asserting such defense for the first time on summary judgment, since "[t]here is no prohibition against moving for summary judgment based on an unpleaded defense where the opposing party is not taken by surprise and does not suffer prejudice as a result" (*Arteaga v City of New York,* 101 AD3d 454, 454 [1st Dept 2012]; *see Brill & Meisel v Brown,* 113 AD3d 435, 435 [1st Dept 2014]).

The motion court erred in granting defendants' motion for summary judgment on plaintiff's first cause of action, for breach of section 4.1 of the parties' property management agreement, which provided for a monthly management fee based on the greater of 5% of defendants' monthly gross income or $5,000. During the five years that it provided property management services to defendants, plaintiff paid itself from defendants' operating account $5,000, rather than the greater of 5% or $5,000. Upon discovery of the error, plaintiff billed defendants for approximately $203,000 in "underpaid" management fees.

When defendants did not pay, plaintiff commenced the instant action. On the motion for summary judgment, defendants argued, and the motion court found, that plaintiff waived its right to receive the underpaid management fees, based on its course of conduct in paying itself the monthly flat fee of $5,000. This was error.

Although the management agreement contained a provision that any waivers must be in writing, "a contracting party may orally waive enforcement of a contract term notwithstanding a provision to the contrary in the agreement. Such waiver may be evinced by words or conduct, including partial performance" (*Bank Leumi Trust Co. of N.Y. v Block 3102 Corp.,* 180 AD2d 588, 590 [1st Dept 1992] [citation omitted], *lv denied* 80 NY2d 754 [1992]). However, waiver "is an intentional relinquishment

of a known right and should not be lightly presumed" (*Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]). Plaintiff's former chief financial officer stated in his affidavit that at the outset of the management agreement, he had set up an automatic payment for a recurring monthly charge of plaintiff's management fee, and that it was not until he was in the process of preparing a final accounting and reconciliation of the account, that he first realized the mistake. It is well settled that mere silence or oversight does not constitute clear manifestation of an intent to relinquish a known right (*see Courtney-Clarke v Rizzoli Intl. Publs.*, 251 AD2d 13 [1st Dept 1998]). Nor does mistake, negligence, or thoughtlessness (*see EchoStar Satellite L.L.C. v ESPN, Inc.*, 79 AD3d 614, 617 [1st Dept 2010]; *Byer v City of New York*, 50 AD2d 771 [1st Dept 1975]). At the very least, under the circumstances of this case, the issue of whether plaintiff intended to forgo its right to payment of management fees based on 5% of defendants' gross income, is a question of fact (*see Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y.*, 61 NY2d 442, 446 [1984]).

However, the motion court properly dismissed that part of plaintiff's third cause of action, for account stated, based on the underpaid management fees, on the ground that defendants did not assent to the account (*see Interman Indus. Prods. v R. S. M. Electron Power*, 37 NY2d 151, 153 [1975]). We find defendants' statement—made three months after receipt of plaintiff's invoice—that "[t]his claim, as you can imagine, is a surprise to [us] so your final accounting and any further information you can provide to support this claim are necessary to fully evaluate this matter," insufficient to constitute assent (*see Herrick, Feinstein v Stamm*, 297 AD2d 477 [1st Dept 2002]).

Although both parties moved for summary judgment on defendants' first counterclaim, for breach of contract, neither established their burden by competent evidence that there was no factual issue barring the grant of summary judgment in its favor (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). They presented conflicting evidence of whether plaintiff breached section 3.1 of the management agreement to make good faith efforts to collect rent, and section 3.11 to commence litigation against a tenant in arrears. Thus, on this record, the issue of whether plaintiff has acted in good faith is a question of fact to be determined by a jury (*see e.g. HRH Constr. Corp. v Forest Elec. Corp.*, 299 AD2d 282 [1st Dept 2002]).

Plaintiff was entitled to summary judgment on defendants' fifth counterclaim, for conversion, based on defendants' failure to specifically identify the interest allegedly converted (*see*

*Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, 124-125 [1st Dept 1990], *lv denied* 77 NY2d 803 [1991]). Plaintiff's submission of the bank statements from the operating account established that such account was a non-interest bearing account.

We have considered the parties' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Sweeny and Kapnick, JJ.