Spicer v Garda World Consulting (UK) Ltd. (2024 NY Slip Op 05298)

Spicer v Garda World Consulting (UK) Ltd.

2024 NY Slip Op 05298

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Oing, J.P., Singh, Gesmer, González, Pitt-Burke, JJ. 

Index No. 655352/23 Appeal No. 2882 Case No. 2024-01110 

[*1]Timothy Simon Spicer, et al., Plaintiffs-Respondents,
v
Garda World Consulting (UK) Limited, Defendant-Appellant.

Simpson Thacher & Bartlett LLP, New York (Jacob Lundqvist and Michael J. Garvey of counsel), for appellant.
Chaffetz Lindsey, LLP, New York (Sanford M. Litvack of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about January 23, 2024, which insofar as appealed from, denied defendant's motion to dismiss the cause of action for breach of the covenant of good faith and fair dealing pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, with costs.
The covenant of good faith and fair dealing is implicit in all contracts, and "is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement" (see Gettinger Assoc., L.P. v Abraham Kamber Co. LLC, 83 AD3d 412, 414 [1st Dept 2011]). Here, the parties allegedly entered into a 2018 agreement to expedite resolution of a payment dispute, which was the subject of a prior action. The parties agreed to a timely payment of a fixed sum of $70 million, without any additional fees or interest, if plaintiffs prevailed on their declaratory judgment claim. The 2018 agreement specifically conditioned defendant's payment on a "final determination" of plaintiffs' "declaratory judgment claim asserted in the prior action," thus distinguishing within the context of the agreement the pending resolution of plaintiffs' claim from defendant's counterclaims in the prior action, which were also pending at the time the agreement was executed (see Platek v Town of Hamburg, 24 NY3d 688, 696 [2015]).
Based on the agreement's express language, we agree that plaintiffs reasonably expected that defendant would not delay payment of the "earnout" amount once the declaratory judgment claim was decided in plaintiffs' favor and no longer subject to appeal. Thus, plaintiffs sufficiently pleaded a cause of action for breach of implied covenant where defendant declined to pursue an appeal of this Court's order affirming the award of declaratory judgment in favor of plaintiffs (see Spicer v GardaWorld Consulting [UK] Ltd., 181 AD3d 413 [1st Dept 2020], lv dismissed 37 NY3d 1084 [2021]), which prevented a "final determination" under the agreement to trigger defendant's payment obligation, purportedly because defendant was exercising its litigation rights by waiting for resolution of its counterclaims. When plaintiffs subsequently moved to sever the declaratory judgment claim from defendant's counterclaims, defendant opposed the motion, and then appealed the severance order, which this Court affirmed in Spicer v Garda World Consulting [UK] Ltd. (198 AD3d 522 [1st Dept 2021], lv denied 38 NY3d 903 [2022]. As a result, plaintiffs' receipt of the $70 million was further delayed by defendant's alleged bad faith for approximately 16 months.
Defendant asserts that plaintiffs waived their right to seek prejudgment interest on the $70 million both by waiting to assert its breach of implied covenant claim (or otherwise giving defendant notice such claim was being contemplated), and by the 2018 agreement, in which plaintiffs waived prejudgment [*2]interest. We disagree. While abandonment of contractual rights "may be established by . . . failure to act so as to evince an intent not to claim a purported advantage, such abandonment should not be lightly presumed and must be based on a clear manifestation of intent' to relinquish a contractual protection" (Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006] [internal quotation marks and citations omitted]).
Here, defendant failed to demonstrate that plaintiffs clearly manifested an intent to pursue a breach of implied covenant claim seeking statutory interest, especially considering their March 2022 demand letter reserving the right to any interest that has accrued. The fact that plaintiffs expressly waived prejudgment interest in the 2018 agreement does not compel a different result. Under section 2(f) of the 2018 agreement, plaintiffs only agreed to waive interest if defendant timely made payment to plaintiffs within 20 business days of the final determination, which plaintiffs sufficiently alleged defendant failed to do. Thus, the 2018 agreement does not foreclose plaintiffs from now seeking prejudgment interest for the breach of the agreement's implied covenant. Similarly, in seeking statutory interest on the $70 million, which was allegedly delayed by over a year due to defendant's breach of the implied covenant, plaintiffs are not impermissibly creating new terms to the agreement (see generally Vanlex Stores, Inc. v BFP 300 Madison II LLC, 66 AD3d 580, 581 [1st Dept 2009]).
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024