Noyack Med. Partners LLC v OSK IX, LLC (2024 NY Slip Op 05286)

Noyack Med. Partners LLC v OSK IX, LLC

2024 NY Slip Op 05286

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Kern, J.P., Moulton, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 654665/21 Appeal No. 2902 Case No. 2024-01881 

[*1]Noyack Medical Partners LLC, Plaintiff-Respondent,
v
OSK IX, LLC, Defendant-Appellant.

Borg & Bryks LLP, New York (M. Alexander Bowie II of counsel), for appellant.
Cuddy & Feder LLP, White Plains (Brendan M. Goodhouse of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about February 13, 2024, which denied defendant's motion for summary judgment on its counterclaim for breach of contract and granted, in part, plaintiff's motion for summary judgment, unanimously affirmed, without costs.
The court correctly granted plaintiff's motion, in part, by determining that plaintiff's breach in failing to close on the parties' taxi medallion purchase and sale agreement (PSA) by the January 2021 expiration date was waived by defendant (see Matthew Adam Props., Inc. v United House of Prayer for All People of the Church on the Rock of the Apostolic Faith, 126 AD3d 599, 600 [1st Dept 2015]; see also Lusker v Tannen, 90 AD2d 118, 121 [1st Dept 1982]). Negotiations between the parties continued after plaintiff's failure to meet the PSA's January 17, 2021 expiration date, and defendant admitted in contemporaneous documents, sworn statements made during this litigation, and in deposition testimony that (1) they understood they had the right to terminate the PSA, but (2) they still wanted to close the deal with plaintiff, and therefore gave plaintiff more time. Further, defendant failed to establish as a matter of law that plaintiff breached the PSA and that defendant was entitled to the down payment as damages. Based on the foregoing, the court correctly denied defendant's motion.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024