**Spicer v Garda World Consulting (Uk) Ltd.**

2025 NY Slip Op 31477(U)

April 24, 2025

Supreme Court, New York County

Docket Number: Index No. 654318/2023

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. MELISSA A. CRANE**
*Justice*

PART  **60M**

-------------------------------------------------------------------------------X

TIMOTHY SIMON SPICER, JEFFREY PAUL ARNOLD DAY, MARK ANDREW BULLOUGH, DOMINIC EDWARD MCCAUSLAND ARMSTRONG, JAMES JULIUS CHRISTOPHER BIRCH, ALEXANDER JOHN BIRCH, MELANIE CLARE PINKEY, JAMES WILLIAM MARRIOTT ELLERY, JEFFREY PAUL ARNOLD DAY

Plaintiff,

- v -

GARDA WORLD CONSULTING (UK) LIMITED,

Defendant.

-------------------------------------------------------------------------------X

| INDEX NO. | 654318/2023 |
| MOTION DATE | 12/30/2024, 12/30/2024 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 55, 56, 57, 58, 91, 92, 93, 94, 95, 98

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER          .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 88, 89, 90, 96, 99

were read on this motion to/for          JUDGMENT – SUMMARY          .

These are competing motions for summary judgment. For the reasons stated on the record of 4/21/2025, the court grants plaintiffs' motion and denies defendant's motion.

In prior litigation, these same parties had a contractual dispute involving the acquisition of another company. Eventually, the trial court entered judgment for Plaintiffs on their contractual claims (the Earnout Claims), but denied Plaintiffs' motion to dismiss Garda's fraud counterclaims. While Garda had an appeal pending on the award to plaintiffs on the Earnout Claims, the parties entered into a partial settlement agreement resolving the amount for the Earnout Claims depending on various potential appellate outcomes. Accordingly, the parties agreed that, if the trial court's determination on the Earnout Claims was upheld by the appellate courts without modification, Garda would pay Plaintiffs $70 million within 20 business days

654318/2023  SPICER, TIMOTHY SIMON ET AL vs. GARDA WORLD CONSULTING (UK) LIMITED          Page 1 of 6
Motion No.  002 003

1 of 6

[* 1]

after a "Final Determination."   The parties agreed that "Final Determination" meant the date on which "the order or judgment has been upheld on appeal and is no longer subject to appellate review by further appeal or writ of certiorari."

However, defendant created legal roadblocks to delay that "Final Determination." In particular, defendant claimed to be waiting for the adjudication of their own counterclaims before proceeding to the Court of Appeals, but then, in contradictory fashion, opposed tooth and nail plaintiffs' attempts to sever those counterclaims from plaintiffs' own claims (see *Spicer v. Garda World Consulting (UK) Ltd.*, 198 A.D.3d 522, 523 [1st Dep't 2021] ["the motion court providently exercised its discretion in severing defendant's counterclaims for fraud and aiding and abetting fraud from plaintiffs' declaratory judgment claim"]).  This lawsuit followed seeking (i) a declaration that Garda breached the Agreement by no later than December 9, 2020, thereby triggering Garda's obligation to compensate Plaintiffs for the loss of use of the $70 million Garda owed them; and (ii) an award of interest, at the statutory rate, on the $70 million principal amount, from at least December 9, 2020 through the date of payment.

In this case, while affirming the trial court's decision on the motion to dismiss on October 24, 2024, the Appellate Division, First Department held:

> Based on the agreement's express language, we agree that **plaintiffs reasonably expected** that defendant would not delay payment of the "earnout" amount once the declaratory judgment claim was decided in plaintiffs' favor and no longer subject to appeal. Thus, plaintiffs sufficiently pleaded a cause of action for breach of implied covenant where defendant declined to pursue an appeal of this Court's order affirming the award of declaratory judgment in favor of plaintiffs (*see Spicer v GardaWorld Consulting [UK] Ltd.*, 181 AD3d 413 [1st Dept 2020], *lv dismissed* 37 NY3d 1084 [2021]), which prevented a "final determination" under the agreement to trigger defendant's payment obligation, purportedly because defendant was exercising its litigation rights by waiting for resolution of its counterclaims. When plaintiffs subsequently moved to sever the declaratory judgment claim from defendant's counterclaims, defendant opposed the motion, and then appealed the severance order, which this Court affirmed in *Spicer v GardaWorld Consulting (UK) Ltd.* (198 AD3d 522 [1st Dept 2021], *lv denied* 38

**654318/2023   SPICER, TIMOTHY SIMON ET AL vs. GARDA WORLD CONSULTING (UK) LIMITED**          **Page 2 of 6**
**Motion No.  002 003**

2 of 6

[* 2]

NY3d 903 [2022]). As a result, plaintiffs' receipt of the $70 million was further delayed by defendant's alleged bad faith for approximately 16 months.

(*Spicer v. Garda World Consulting (UK) Ltd.*, 231 A.D.3d 635, 636–637 [1st Dep't 2024] [emphasis added])

On summary judgment, defendant does not contest that it did, in fact, fail to appeal and instead opposed severance of its counterclaims. Opposing severance prevented the ability to obtain a final judgment on plaintiffs' affirmative claims. This is because the Court of Appeals will not hear an appeal unless the claim is finally adjudicated below. Garda's act was deliberate. The relevant and dispositive fact in this case thus is, as the Appellate Division has already held, that Garda deliberately acted to delay a Final Determination. This subverted the very reason for the settlement agreement which was to pay plaintiff promptly upon a Final Determination.

Garda's arguments largely reassert their positions in the prior case and on the motion to dismiss that both this court and the Appellate Division have already rejected. For instance, Garda again argues that final judgment could not be entered until resolution of Garda's counterclaims.[1]

The only slightly new argument involves Garda claiming that plaintiffs must prove Garda's bad faith. This is incorrect. Bad faith is not an element of a claim for breach of the covenant of good faith and fair dealing. The Court of Appeals has many times held simply that

---

[1] To the extent that Garda argues again that the Court of Appeals would not have entertained an appeal without its counterclaims being final too, an appeal was possible at the time with express severance which Garda blocked (see *Shah v. 20 E. 64th St., LLC*, 198 A.D.3d 23, 33-34 [1st Dep't 2021] ["a court may order the severance of one or more causes of action and then direct entry of a judgment on those causes of action"]). Moreover, "[u]nder the party finality doctrine, an order or judgment that disposes of all of the claims … involving a particular party is final and appealable . . . as to that party, even though other claims . . . that involve other parties remain pending" (*id*. at 33, citing 12-5611 Weinstein-Korn-Miller, NY Civ Prac CPLR 5611.04 [2021]; *see also* comments to **CPLR 5012** ["A judgment as to part of an action under this rule would be final and appealable"]).

However, we will never know whether party finality would have applied or not because Garda blocked the ability to have party finality by refusing to appeal and opposing severance.

**654318/2023   SPICER, TIMOTHY SIMON ET AL vs. GARDA WORLD CONSULTING (UK) LIMITED**     **Page 3 of 6**
**Motion No.  002 003**

3 of 6

the implied covenant of good faith and fair dealing "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract" (*Cordereo v TransAmerica Annuity Service Corp.*, 39 NY3d 399, 409 [2023]).

Indeed, the covenant of good faith and fair dealing "is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under their agreement" (*see Gettinger Assoc., L.P. v Abraham Kamber Co. LLC*, 83 AD3d 412, 414 [1st Dept 2011]).  Bad faith may exist when this happens, but it is not a required element.

Here, Garda deliberately delayed payment by taking a litigation position (i.e., opposing severance) that purposefully delayed the advent of that Final Judgment.  As the Appellate Division, First Department has already ruled: "we agree that plaintiffs reasonably expected that defendant would not delay payment of the 'earnout' amount once the declaratory judgment claim was decided in plaintiffs' favor and no longer subject to appeal."  Thus, Garda's actions undermined the very purpose of the agreement, the prompt payment of the amount due for the Earnout Claims.

Garda also opposes the date from when the prejudgment interest must run.  Plaintiff asserts that interest must run from the date that defendant breached the covenant, that is December 9, 2020, when Garda filed its opposition to plaintiff's motion for severance, until April 19, 2022, when an Appellate Division judge allowed defendant to put money in escrow.

Garda claims that the date for running interest should be 20 days from the entry of the final judgment by the trial court in Plaintiff's favor on their declaratory judgment claim.  Even if Garda were correct that dates from the settlement agreement are relevant, the date Garda

654318/2023   SPICER, TIMOTHY SIMON ET AL vs. GARDA WORLD CONSULTING (UK) LIMITED   Page 4 of 6
Motion No.  002 003

4 of 6

[* 4]

suggests is untethered from the settlement agreement which calls for payment 20 days after a "Final Determination" of plaintiff's earnout claim. The Agreement defines the "Final Determination" as an "order or judgment resolving the [earnout claim] … which is no longer subject to appeal." "No longer subject to appeal" obviously does not involve the trial court.

This case concerns breach of the covenant of good faith and fair dealing to delay payment that resulted in plaintiffs not having access to funds for a period of time. It is compensation for the deprivation of that money for which plaintiffs seek the prejudgment interest. CPLR 5001 applies to actions such as this where a defendant has deprived plaintiff of property. It requires the court to award prejudgment interest from the date the cause of action existed: "Interest shall be computed from the earliest ascertainable date the cause of action existed." Opposing severance after refusing to appeal was the act that deprived plaintiff of the benefit of its bargain. Plaintiff's cause of action existed at the moment defendant opposed severance. That date was December 9, 2020.

The court has considered defendant's other contentions and finds them unavailing.

Accordingly, it is

ORDERD THAT the court denies Garda's motion for summary judgment and grants plaintiffs' motion for summary judgment; and it is further

ADJUDGED, DECREED, AND DECLARED THAT Garda deprived plaintiff of the right to receive the benefits of the settlement agreement on December 9, 2020; and it is further

ORDERED THAT plaintiffs shall submit a proposed judgment to the court within ten days of the efiled date of this decision and order. Plaintiffs shall submit the proposed judgment by e-filing on NYSCEF and by email, cc'ing all sides, to SFC-Part60@nycourts.gov. Defendant

654318/2023   SPICER, TIMOTHY SIMON ET AL vs. GARDA WORLD CONSULTING (UK) LIMITED          Page 5 of 6
Motion No.  002 003

[* 5]                                                          5 of 6

can have 5 days after the e-filed date of plaintiffs' proposed judgment to object to it; and it is further

        ORDERED THAT the Clerk shall mark this case disposed.

20250424112527MACRANE39990E07633249CFB76D7F1FB939F25C

| __4/24/2025__ | | |
|---|---|---|
| **DATE** | | **MELISSA A. CRANE, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654318/2023   SPICER, TIMOTHY SIMON ET AL vs. GARDA WORLD CONSULTING (UK) LIMITED**      **Page 6 of 6**
**Motion No.  002 003**

6 of 6