Board of Mgrs. of the Alfred Condominium v Miller (2025 NY Slip Op 03647)

 Board of Mgrs. of the Alfred Condominium v Miller

2025 NY Slip Op 03647

Decided on June 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 17, 2025

Before: Manzanet-Daniels, J.P., Webber, Higgitt, Michael, JJ. 

Index No. 653433/20|Appeal No. 4592|Case No. 2024-04837|

[*1]The Board of Managers of The Alfred Condominium, Plaintiff-Respondent,
v
James Miller, Defendant-Appellant

Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Ethan A. Kobre of counsel), for appellant.
Boyd Richards Parker & Colonnelli, P.L., New York (Maria Boboris of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about July 16, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of plaintiff The Board of Managers of The Alfred Condominium for summary judgment in its favor and dismissing defendant's affirmative defenses of waiver and equitable estoppel, unanimously affirmed, without costs.
Plaintiff established its prima facie entitlement to summary judgment on its causes of action by demonstrating that defendant breached the parties' alteration agreement and the condominium's by-laws. Plaintiff submitted, among other things, an affidavit of defendant's contractor, which described the work done in violation of the alteration agreement, and an affidavit and field report of a licensed architect detailing the numerous alterations that constituted statutory violations, direct violations of the alteration agreement, and/or were not authorized by the Board. These alterations include the removal of a demising wall; appropriation of common space; violations of door width, barrier and banister heights, and turning radius requirements; relocation of risers servicing other units, and the failure to properly insulate and firestop those risers. In opposition, defendant's expert's affidavit failed to raise a question of fact. While defendant's expert, also a licensed architect, challenged a few of the statutory violations noted by plaintiff's expert, she did not address all of them, nor did she address any of the violations of the alteration agreement and by-laws.
The motion court also properly dismissed defendant's affirmative defenses of waiver and estoppel. Both the alteration agreement and the condominium's declaration contain a no-waiver clause, the waiver of which "will not be lightly presumed" (Todd English Enters. LLC v Hudson Home Group, LLC, 206 AD3d 585, 587 [1st Dept 2022] [internal quotation marks omitted]). To the extent defendant's alterations violate statutory law, they are not waivable (see 80 Varick St. Group, L.P. v MacPherson, 102 AD3d 405 [1st Dept 2013]), and likewise constitute a breach of §3(a) of the alteration agreement.
In arguing that plaintiff waived any objection to his alterations, defendant relies on his own affidavit and the affidavit of his contractor asserting that the condominium's board members, staff, and other agents made frequent inspections of the unit. These affidavits do not provide any specifics as to the dates or circumstances surrounding these purported inspections, which alterations were inspected, what the inspections entailed, and what, if any, affirmative conduct manifested plaintiff's intentional abandonment of a known right. Accordingly, defendant failed to raise a question of fact as to whether plaintiff waived its right to enforce the alteration agreement (see generally General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist., 85 NY2d 232, 236 [1995]). "[M]ere silence or oversight does not constitute [*2]clear manifestation of an intent to relinquish a known right" (Matthew Adam Props. Inc. v United States House of Prayer for All People of the Church on the Rock of the Apostolic Faith, 126 AD3d 599, 601 [1st Dept 2015]; compare Haberman v Hawkins, 170 AD2d 377, 378 [1st Dept 1991] [affirmative defenses of estoppel and waiver supported by evidence of landlord's prior consent to replacement of the windows]).
Defendant's equitable estoppel defense was also properly dismissed as there was an express contract governing the alterations at issue (see AQ Asset Mgt., LLC v Levine, 119 AD3d 457, 460-461 [1st Dept 2014]; SAA-A, Inc. v Morgan Stanley Dean Witter & Co., 281 AD2d 201, 203 [1st Dept 2001]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2025