■ LESLIE HAYES, JR., et al., Respondents, v. PATRICIA S. LEONARD, Appellant.— AULISI, J. Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered September 11, 1967 in Warren County, upon a decision of the court at a Trial Term, without a jury. This action was brought for injunctive and other relief by owners of lots in the development of which appellant's lot was a part. Appellant's property is located on the north side of Aviation Road in the Town of Queensbury, Warren County. West of appellant's property is Interstate 87, the Northway, and directly across from appellant's property are a restaurant, motel and cocktail lounge and east of these are two gasoline stations. On the north side of Aviation Road and approximately 300 feet east of appellant's property is another gasoline station and a fourth station was in the process of construction at the time of trial. There is further commercial development centered primarily around Route 9, where it intersects Aviation Road, approximately 1,000 feet from the subject property. Appellant asserts that the described changes render her premises unfit for residential occupancy and relatively unsaleable and unrentable for residential use. She further contends that the change in the character of the neighborhood is such that equity ought not to enforce the restrictive covenant. The trial court found that inasmuch as the general area was still suitable for residential use, the covenant remained of actual and substantial benefit to the owners of the property in the subdivision. The judgment rendered the restrictions applicable to appellant's lot and she was enjoined from using it for commercial purposes. The court noted that the appellant's property is set well back from the street and that of all the commercial buildings in the area, only the restaurant-motel establishment and one gasoline station could be seen from appellant's premises. Where, due to a change in the character of a neighborhood, a condition has arisen which frustrates the original scheme devised by the parties and implemented by the restrictions sought to be enforced, such that enforcement will work oppression, such restriction will not be enforced in equity (*Trustees of Columbia Coll.* v. *Thacher,* 87 N. Y. 311). However, where there are changes *outside* of, but adjacent to a particular tract subject to uniform restrictions, the covenant will be enforced in equity unless it be

shown that the change is so substantial that it would support a finding that usefulness of the covenant has been destroyed. Equity may refuse to enforce a restrictive covenant upon the ground of change in conditions only where it is established that the change is such that the restriction has become valueless to the property of the plaintiff and onerous to the property of the defendant (see *Clintwood Manor* v. *Adams*, 29 A D 2d 278). The fact that the current of business has reached the limit of a restricted residential tract does not afford a ground for denying relief against the alteration of a residence dwelling into a business establishment, the encroachment of business not having made the property undesirable for private residences (*Pagenstecher* v. *Carlson*, 146 App. Div. 738). Application of these rules to the present case demonstrates that the trial court's decision was correct. The proof supports a finding that, while a nearby area was being commercially developed, appellant's property was still suitable for residential use. Thus, enforcement of the covenant is not " onerous to the property " of the appellant. The proof also supports the finding that the restrictions continue to be of actual and substantial benefit to the owners of the property in the subdivision, since commercial use has not yet encroached into the subdivision and appellant's property remains as a suitable buffer to prevent such encroachment. While the commercial development might be disadvantageous to the properties in the subdivision, as we said in *Koch* v. *Nestle* (27 A D 2d 633), a case involving the same subdivision as the one herein, "it does not follow that those properties would not continue to derive and enjoy 'actual and substantial benefit' from the inhibitory restrictive covenants, as against the additive effect of commercial exploitation of appellant's lands in different and other ways." The most that appellant has shown in the present case is the encroachment of business in the nearby territory, which alone is insufficient reason for refusing to enforce a restriction to residential use only (see *Normus Realty Corp.* v. *Disque*, 20 A D 2d 277, affd. 16 N Y 2d 912). Judgment affirmed, with one bill of costs to respondents. Gibson, P. J., Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Aulisi, J.