■ EDWARD MARETSKI et al., Respondents–Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 50603.) — Cross appeals from a judgment in favor of claimants, entered October 7, 1971, on a decision of

the Court of Claims. The State appropriated claimants' entire parcel of 5.3 acres. Prior to purchasing the property claimants obtained a change of zoning from residential to business for the southwest portion containing some 66,865 square feet. The zoning change was granted subject to certain restrictions to be contained in the deeds which prohibited subdivision "for various and separate business and trades". A gas station was constructed on this corner of claimants' property and some time thereafter leased to Amoco. The lease covered an area of 300 feet by 150 feet, with the rear line being irregular. This lease was not renewed by Amoco and claimants thereafter leased it to one Belmonte. This lease covered only 21,476 square feet. It is significant that after the Belmonte lease the zoning ordinance was recodified, and as a result a business zone was specifically created for gas stations. The Belmonte lease was in effect at the time of the appropriation. The State's appraiser divided the appropriated land into three parcels and the court adopted this division. The award of $155,000 for Plot No. 1 was based on a finding that the land area comprising the gas station consisted of 40,000 square feet which, valued at $3 per square foot, amounted to $120,000. The court valued the building at $35,000 and the remaining portion of Plot No. 1 was found to be excess and of no value. The State contends first that it was error for the land comprising the gas station to be valued on the basis of its containing 40,000 square feet. We agree with this contention. The only solid evidence of the actual area embracing the gas station is that of 21,476 square feet which was called for under the Belmonte lease. The finding of 40,000 square feet by the court was arbitrary. The State's appraiser based his $80,000 value on the square footage of 21,476 which computes to $3.72 per square foot. Claimants' expert based his value of $160,000 on $4 a square foot using the same arbitrary 40,000 square footage as did the court. The $3 value found by the court is not within the range of testimony. Although claimants' appraiser used a front footage value of $800 for 200 feet frontage on Sunrise Highway, we conclude that the evidence as to front foot value was necessarily invalidated by the reduction in actual square footage of the area attributable to the gas station. As the trial court was in error both as to the land area involved and its value per square foot, there is nothing to support the award of $120,000 for this portion of Plot No. 1. We also conclude that the trial court erred in arriving at a value of $35,000 for the building. The record reveals it determined the gross rental and merely deducted 5% for vacancies. It made no allowance for expenses such as insurance, management or maintenance. Consequently, this award cannot be sustained. Claimants urge on their cross appeal that the trial court gave too much weight to the restrictive covenants contained in the deeds and thereby erred in giving no value to the excess land contained in Plot No. 1. We can find no evidence in the record as to the effect of the covenants on the property and whether or not there was a possibility of expanding the use of the business zoned portion. Nor do we find any evidence that the covenants were unenforceable. On this record, therefore, we conclude that the court correctly found that the excess land was worthless due to the restrictions. The State also contends that the award of $45,000 for the parcel designated as Plot No. 3 is totally without support. The court based its award on the land's highest and best use being residential subdivision and found the unit square foot value to be 65 cents, with no further explanation. Claimants' appraiser based his valuation of this parcel solely on a highest and best use of general commercial. The only evidence in the record of its use as residential subdivision is that of the State's expert who subdivided it into four building lots valued at $5,000 each for a total of

$20,000. No adjustments were made by this appraiser, however, and with no explanation for his failure to do so, his value cannot support an award. We find no basis in the record upon which the award of $45,000 for Plot No. 3 can stand. Since the award for the remaining land designated by the court as Plot No. 2 is uncontested, it should stand. Judgment modified, on the law and the facts and in the interest of justice, by reversing the awards as to Plots Nos. 1 and 3 and a new trial ordered, and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Reynolds, JJ., concur.