■ WILLIAM R. NASH et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 55210.)—Appeal from a judgment, entered October 31, 1975, upon a decision of the Court of Claims. Claimants were the owners of an irregularly shaped parcel of land located on the southerly side of State Highway Route 7, known as the Troy-Schenectady Road, and improved with a ranch-type frame residence and a one-car attached garage when, on October 18, 1971, the State appropriated approximately 8,146 square feet of the property for highway purposes. The residence and the garage were situated on the property taken, and claimants were left with only about 1,406 square feet of landlocked realty with a nominal after value. At trial it was established that, while the subject parcel was commercially zoned, it was also a part of Colonie Estates, a filed subdivision containing 23 other residences, all of which were subject to a deed restriction limiting the property to residential use. With this background, claimants' appraiser testified that the subject property had a highest and best use for a drive-in commercial enterprise and fixed damages at $65,300. The State's expert, however, premised his report upon the assumption that the deed restriction limited the highest and best use to residential purposes, and he calculated claimants' damages to be $27,000. Adopting this latter figure, the trial court awarded claimants the sum of $27,000 with interest. On this appeal, claimants initially argue that the trial court erred in concluding that the deed restriction was the sole factor in determining a residential highest and best use for the parcel prior to the appropriation. We cannot agree. In this State, the valuation of land subject to a deed restriction is predicated upon the restricted use value (cf. *Maretski v State of New York,* 40 AD2d 891), and claimants have a heavy burden to show that a restrictive covenant is unenforceable due to changed conditions *(Normus Realty Corp. v Disque,* 50 AD2d 277, affd 16 NY2d 912). Where, as here, the residential character of a subdivision is retained and commercialism has only infiltrated an adjacent area, the situation does not justify the extinguishing of a restrictive covenant covering the subdivision *(Hayes v Leonard,* 30 AD2d 745). Claimants' remaining contentions are likewise without merit. Section 345 of the Real Property Law is inapplicable in this instance and does not serve to invalidate the deed restriction because paragraph (a) of subdivision 9 of that statute expressly states that it shall not affect "the power of any person * * * to enforce the same restriction by action for damages or for an injunction to the extent that it is also imposed by covenant". Similarly, the testimony of the State's appraiser was properly admitted into evidence. That he was a State employee clearly did not render his testimony incompetent, and his experience or lack thereof would affect on the weight to be accorded his testimony and not its admissibility. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.