■ ROBERT J. MALLEY et al., Appellants-Respondents, v JOSEPH R. HANNA et al., Respondents-Appellants. — Judgment unanimously reversed, on the law and facts, with costs to plaintiffs, plaintiffs' application for permanent injunction granted, and judgment granted in favor of plaintiffs declaring the restrictive covenant in defendants' deed enforceable by plaintiffs, and the proposed use of the property by defendants violates the restrictive covenant. Memorandum: Plaintiffs, owners of real property located near property owned by

defendants, sue to enforce a restrictive covenant in defendants' chain of title. The restrictive covenant prohibits construction of two-family dwellings. Defendants propose to construct three such units on their property, which consists of three original lots (one of which was later subdivided). Plaintiffs and defendants all claim title through a common grantor, Brown Brothers Company. Trial Term agreed that the proposed construction would violate the terms of the restrictive covenant, but held that plaintiff Crump had no standing to raise this issue since Crump's chain of title contains no similar deed restriction. Accordingly, Trial Term dismissed plaintiffs' complaint seeking a permanent injunction and a declaration that the proposed construction is prohibited by the deed restriction. ¶ We reverse. Plaintiffs may sue to enforce the restrictive covenant as owners of property included in a common plan or scheme who are bound by similar restrictions. The deed to Malley's predecessor in title contains almost the identical restrictive covenant contained in the deed to defendants' predecessor in title. Because the record reveals an agreement between Brown Brothers Company and Crump's predecessor in title to create similar restrictions in the lots mortgaged in 1927, and because tax lien foreclosure proceedings do not cut off restrictive covenants already in existence (see 5A Warren's Weed, NY Real Prop [4th ed], Title, § 4.04). Crump's lots are also subject to the restrictions. Furthermore, in our view the evidence at trial established by clear and convincing proof that the original grantor had a common scheme for the development of its 500-lot assemblage (see *Huggins v Castle Estates,* 36 NY2d 427, 432). Where restrictive covenants are created with the design to carry out a general scheme applicable to an entire tract, the covenant is enforceable by any grantee as against any other upon the theory that there is a mutuality of covenant and consideration which binds each, provided that the common grantor intended a common scheme or plan and that the defendant had notice thereof (*Korn v Campbell,* 192 NY 490, 495-496; *Steinmann v Silverman,* 14 NY2d 243). Thus, the restrictive covenants imposed upon the defendants' property to carry out this scheme must be enforced. We have examined the other contentions and find them to be without merit. (Appeals from judgment of Supreme Court, Monroe County, Provenzano, J. — declaratory judgment injunction.) Present — Hancock, Jr., J. P., Callahan, Doerr, O'Donnell and Moule, JJ.