WATER'S EDGE ON SARATOGA LAKE HOMEOWNERS' ASSOCIATION, INC., Respondent, v RONAPAM WEISSMAN et al., Appellants. [614 NYS2d 67] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Brown, J.), entered October 29, 1993 in Saratoga County, which partially granted plaintiff's motion for summary judgment.

When defendants, owners of real property in a development known as "Water's Edge on Saratoga Lake", replaced the front door of their residence and placed a wooden box on the property, without first obtaining the approval of plaintiff's architectural control committee (hereinafter the Committee), as required by plaintiff's "Declaration of Covenants, Restrictions, Easements, Charges and Liens" (hereinafter the Declaration), plaintiff commenced this action seeking declaratory and injunctive relief. In their answer, defendants asserted that when they purchased their property in 1988, there were several flaws in the construction of the main entry door, and in response Robert Kohn, who at the time was the president of the development's sponsor, Vista on Saratoga Lake Associates, as well as the general partner of the development company, agreed to replace the door, and also wrote a note

purporting to allow defendants, if the door was not replaced within three years, to replace it themselves, at their own expense, with a door "of [their] choice consistent with the general architectural tone of the community". Defendants claim that this gives them the right to replace the door without obtaining the Committee's approval.

Supreme Court granted plaintiff's motion for summary judgment to the extent of directing defendants to apply to plaintiff for permission to make the changes, and dismissed defendants' answer and counterclaims. Defendants appeal. We affirm.

Defendants, who took title to their property "subject to the provisions of" the Declaration, do not dispute that they have made alterations to their property, nor do they claim to have complied with the Declaration's unambiguous requirement that they obtain the approval of the Committee prior to doing so. Their defense is that, by granting them the right to replace the door and by constructing the wooden box and suggesting that it could be placed in front of the house, Kohn somehow conferred upon them the right to ignore the obligations imposed by their deed and the Declaration. We fail to see how defendants' purported agreement with Kohn—although they claim that he "controlled" plaintiff when he signed the note, there is no evidence in the record that supports this conclusion—could affect plaintiff's rights, as the representative of all property owners in the development, under the Declaration.

There is no proof in the record that Kohn was empowered to waive plaintiff's rights under the Declaration, which, having been incorporated into the deed as covenants running with the land, may only be waived or released by those they are intended to benefit (cf., Grossbaum v Dil-Hill Realty Corp., 58 AD2d 593, 594), here, the other property owners in the development (see, Malley v Hanna, 101 AD2d 1019, 1020, affd 65 NY2d 289; see also, 43 NY Jur 2d, Deeds, § 194, at 381).

Defendants' other arguments, including those centering on plaintiff's motives in commencing this litigation, have been considered and found to be either without support in the record or without legal merit.

Mercure, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.