Clark, J.
Appeal from a corrected order of the County Court of Schenectady County (Drago, J.), entered April 18, 2014, which affirmed a judgment of the Schenectady City Court in favor of plaintiff.
In 1981, Antonio Aliberti and Lucia Aliberti, the owners of a parcel of real property located in the Town of Princetown, Schenectady County, divided the parcel and deeded the back portion of the property (hereinafter the rear parcel) to plaintiff. In the deed, the Alibertis granted plaintiff a right-of-way over a private driveway on the property that they retained (hereinafter the front parcel) so that plaintiff would have access to the road. In January 1982, plaintiff and the Alibertis executed a separate agreement (hereinafter the 1982 agreement), which was duly recorded, wherein they agreed to share the costs of maintenance, repair and snow removal on the driveway. In 1983, the Alibertis conveyed the front parcel to Vittorio Rizzo, who conveyed it to defendants. The 1982 agreement, however, was not incorporated into defendants’ deed. Subsequently, in 2011, plaintiff requested reimbursement from defendants for *1421 half of the cost that she had incurred to maintain the subject driveway, a total of $4,785. When they failed to pay, plaintiff initiated a small claims action in Schenectady City Court seeking such reimbursement. Following trial, City Court found that defendants had notice of the 1982 agreement and scheduled the matter for an inquest on damages. Defendants appealed from City Court’s judgment and, upon appeal, County Court affirmed. Defendants now appeal to this Court.
Defendants argue that City Court did not render substantial justice between the parties because plaintiff failed to establish that the 1982 agreement was intended to run with the land or that it touched and concerned the land. We disagree. “Appellate review of small claims is limited to determining whether ‘substantial justice has not been done between the parties according to the rules and principles of substantive law’ ” (Rowe v Silver & Gold Expressions, 107 AD3d 1090, 1091 [2013], quoting UCCA 1807). Accordingly, this Court will overturn such a decision only if it is clearly erroneous (see Stein v Anderson, 123 AD3d 1322, 1322 [2014]). As relevant here, to establish that the 1982 agreement ran with the land and was binding on defendants, plaintiff was required to establish that “(1) the grantor and grantee intended the [agreement] to run with the land, (2) there is privity of estate between the parties to the current dispute, and (3) the [agreement] touches and concerns the land” (O’Neill v Pinkowski, 92 AD3d 1063, 1064 [2012] [internal quotation marks and citations omitted]).*
With regard to the intent of the original parties, the 1982 agreement provides that, in the event of a subsequent conveyance, the property owner “will incorporate in the deeds of conveyance a clause to the effect that the new owners or owner agree and accept and sign the new deed for the purpose of agreeing to comply with the promise to contribute an equal share to the maintenance of the paving, repair and/or cleaning of snow.” Notably, the driveway is the only means of ingress and egress to the rear parcel, and plaintiff executed and recorded the 1982 agreement shortly after she obtained the property. Further, the agreement contemplates its own termination in the event that a municipality accepts the right-of-way as a public road, which indicates that the original parties intended the agreement to endure until it was no longer necessary. In light of the language of the agreement and the circumstances *1422 surrounding its execution, we find that City Court properly determined that the original parties intended the 1982 agreement to run with the land (see Harrison v Westview Partners, LLC, 79 AD3d 1198, 1201 [2010]).
Turning to the touch and concern requirement, an agreement touches and concerns the land “if it affects the legal relations — the advantages and the burdens — of the parties to the [agreement], as owners of particular parcels of land and not merely as members of the community in general” (Nicholson v 300 Broadway Realty Corp., 7 NY2d 240, 245 [1959] [internal quotation marks and citation omitted]; accord Harrison v Westview Partners, LLC, 79 AD3d at 1202). For plaintiff, as the owner of the rear parcel, to fully enjoy the benefit that the subject right-of-way provides, there is a concomitant responsibility that the driveway be maintained. In fairness, the burden of maintaining, repairing and clearing the right-of-way should rest upon the property that is benefitted by the improvements. In an apparent recognition thereof, the 1982 agreement creates “a covenant that the burden of paying the [proportionate] cost should be inseparably attached to the land which enjoys the benefit” (Neponsit Prop. Owners’ Assn. v Emigrant Indus. Sav. Bank, 278 NY 248, 260 [1938]). Accordingly, we affirm County Court’s determination upholding City Court’s judgment, which was not clearly erroneous and provided substantial justice between the parties according to the rules of substantive law (see UCCA 1807; DeLeon v Kalil, 126 AD3d 1155, 1156 [2015]).
Garry, J.P., Rose and Devine, JJ., concur. Ordered that the corrected order is affirmed, without costs.

 The parties do not dispute that there is privity of estate. Notwithstanding, the deeds submitted into evidence demonstrate a complete chain of title to the parties from a common grantor (see Malley v Hanna, 65 NY2d 289, 291-292 [1985]).