■ CONDOR FUNDING, LLC, Respondent, v 176 BROADWAY OWNERS CORP., Appellant. [46 NYS3d 99]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered October 29, 2015, which, to the extent appealed from, as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on its breach of contract claim, unanimously reversed, on the law, without costs, and the motion denied.

The motion court correctly concluded that the obligation undertaken by the previous owners of a building, currently owned by defendant, to provide steam heat to adjacent buildings, including one owned by plaintiff, as reflected in a written agreement between the previous owners of defendant's building and the previous owners of the adjacent buildings (Heating Agreement), which was recorded in the Office of the City Register of the City of New York, is a covenant running with the land. Accordingly, it is binding on defendant so long as both buildings are in existence (*see Nicholson v 300 Broadway Realty Corp.*, 7 NY2d 240, 244-247 [1959]). Furthermore, the motion court correctly ruled that plaintiff established that defendant committed a breach of that covenant by choosing to cease providing heat to plaintiff's building.

Contrary to plaintiff's urging, defendant's argument as to plaintiff's waiver of any objection to the termination of the Heating Agreement is preserved for appellate review. As to that argument, a covenant running with the land may only be waived or released by those the covenant is intended to benefit (*see Water's Edge on Saratoga Lake Homeowners' Assn. v Weissman*, 205 AD2d 1014 [3d Dept 1994], *lv dismissed* 84 NY2d 923 [1994]). Here, plaintiff, as the owner of a building to which heat was to be provided by defendant in accordance with the covenant, was clearly intended to benefit from that covenant, and was, therefore, legally eligible to waive it.

With respect to the circumstances under which a waiver may be effective, our Court of Appeals has explained that "[c]ontractual rights may be waived if they are knowingly, voluntarily and intentionally abandoned" and that "[s]uch abandonment may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage" (*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104 [2006] [internal quotation marks omitted]). In this case, the agreement provides that "in the event the owner of any of said parcels [including plaintiff] shall elect to terminate and cancel this agreement with respect to said parcel, which election shall be made by written notice to the owner of Parcel I [currently, defendant], then this agreement

shall end and terminate with respect to any such parcel as of . . . the date when notice of election to cancel is given."

Plaintiff's contention that this language precludes its waiver of the covenant by any means other than a writing is misplaced. "[A] contracting party may orally waive enforcement of a contract term notwithstanding a provision to the contrary in the agreement. Such waiver may be evinced by words or conduct, including partial performance" (*Matthew Adam Props., Inc. v United House of Prayer for All People of the Church on the Rock of the Apostolic Faith*, 126 AD3d 599, 600 [1st Dept 2015]). Here, the record reflects that a representative of plaintiff orally advised a member of defendant's coop board that plaintiff would install its own boiler to provide heat to its own building independently.

"Waiver is an intentional relinquishment of a known right and should not be lightly presumed" (*Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]). On the one hand, the record is bereft of any objection by plaintiff to defendant's repeated warnings that the covenant would be terminated. On the other hand, there is likewise no express statement of plaintiff's consent to that termination. On the present record, therefore, the issue of whether plaintiff intended to forgo its right to provision of steam heat by defendant is a question of fact requiring resolution at trial (*see Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y.*, 61 NY2d 442, 446 [1984]).

While defendant's promissory estoppel argument is also preserved for review, it is unavailing to defendant. In order to prevail on a theory of promissory estoppel, a party must establish "(1) a promise that is sufficiently clear and unambiguous; (2) reasonable reliance on the promise by a party; and (3) injury caused by the reliance" (*MatlinPatterson ATA Holdings LLC v Federal Express Corp.*, 87 AD3d 836, 841-842 [1st Dept 2011], *lv denied* 21 NY3d 853 [2013]). Here, defendant did not establish that plaintiff clearly and unambiguously promised to terminate the agreement.

Similarly, defendant's anticipatory repudiation argument, while preserved for review, misses the mark. Anticipatory repudiation occurs "when, before the time for performance has arisen, a party to a contract declares [its] intention not to fulfill a contractual duty" (*Kaplan v Madison Park Group Owners, LLC*, 94 AD3d 616, 618-619 [1st Dept 2012], *lv dismissed* 19 NY3d 1012 [2012], *lv denied* 20 NY3d 858 [2013]). Here, there is no record evidence that plaintiff declared its intention not to perform its contractual duty to pay defendant for the provision of heat to plaintiff's building prior to the time that payment

was due (see *Kaplan v Madison Park Group Owners, LLC*, 94 AD3d at 618-619). Concur—Saxe, J.P., Moskowitz, Gische, Kahn and Gesmer, JJ.