Shea v Signal Hill Rd. LLC (2019 NY Slip Op 03724)





Shea v Signal Hill Rd. LLC


2019 NY Slip Op 03724


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

527420

[*1]JAMES SHEA et al., Respondents,
v
SIGNAL HILL ROAD LLC et al., Appellants.

Calendar Date: March 18, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


FitzGerald Morris Baker Firth PC, Glens Falls (John D. Aspland Jr. of counsel), for appellants.
Hurwitz & Fine PC, Lake Placid (Edward B. Flink of counsel), for respondents.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an amended order of the Supreme Court (Bruening, J.), entered February 7, 2018 in Essex County, which, among other things, granted plaintiffs' motion for summary judgment.
Plaintiffs brought this action to enforce a restrictive covenant in defendants' chain of title that limits the height of trees, shrubs or bushes on both of their properties. Plaintiffs and defendants own adjacent parcels in the Village of Lake Placid, Essex County in a neighborhood known as Signal Hill that overlooks Lake Placid. Plaintiffs' property is uphill from defendants' property and further from the lake. When plaintiffs acquired their property in 1989, they required the sellers to trim the trees on both properties to enhance their view of the lake and mountains. Defendant Frederick Brown acquired his property in 2003 and, in 2010, Brown transferred title to defendant Signal Hill Road LLC, an entity he created for estate planning purposes. Plaintiffs periodically trimmed the trees on both properties until 2013, when Brown began to occupy his premises full time. After Brown refused plaintiffs' requests to trim the trees, or allow plaintiffs to do so, plaintiffs commenced this action. Following discovery, both parties moved for summary judgment. Supreme Court granted plaintiffs' motion, finding that they were entitled to enforcement of the restrictive covenant. Defendants appeal.
We affirm. This residential neighborhood was originally established by Signal Hill Colony, Inc. Plaintiffs' deed references Plot No. 18 and defendants' deed references Plot No. 23 "of the subdivision shown on a map entitled 'Signal Hill Colony, Inc., Part I, Lake Placid, NY'" made by C.W. Judson, C.E. in September 1947. Plaintiffs acquired title from Henry Gelles and Carol Gelles, who acquired title directly from Signal Hill Colony, Inc. in 1951. The record confirms that both parties acquired their properties through independent chains of title from that same developer. In relevant part, each deed was "made subject to the following conditions, covenants and restrictions, to the faithful observance of which the [purchasers] by acceptance of this deed, firmly bind and obligate themselves, their distributes and assigns," with one of the conditions being "that no trees, shrubs or bushes, now existing or which may be hereafter planted [*2]upon said premises, shall be permitted to grow to a height of over [15] feet above the natural grade of the property at the point of planting." The deeds specified "[t]hat all of the above restrictions shall run with the land hereby conveyed." Each deed further provided that "[t]he said Signal Hill Colony, Inc., as the present most interested party in maintaining the high-class development which, by these covenants, is sought to be imposed upon the land above restricted, hereby reserves to itself and to its successors, or assigns as hereinafter set forth, the right to waive or alter such of the above restrictions as it may deem best for the benefit of the whole community in any particular instance."
In order to establish that these restrictions ran with the land and were binding on defendants, plaintiffs were required to establish by clear and convincing evidence that "(1) the grantor and grantee intended the covenant to run with the land, (2) there is privity of estate between the parties to the current dispute, and (3) the covenant touches and concerns the land" (O'Neill v Pinkowski, 92 AD3d 1063, 1064 [2012] [internal quotation marks and citations omitted]; see Pugliatti v Riccio, 130 AD3d 1420, 1421 [2015]). The nature of this covenant running with the land is reflected by the express language in each deed. To begin, the deed expressly states as much (see Eagle Enters. v Gross, 39 NY2d 505, 506-507 [1976]). Reflecting a sense of permanency, the height restrictions pertain to trees "now existing or which may be hereafter planted," the stated intent is to "firmly bind and obligate [the purchaser], their distributees and assigns," the stated goal is to "[maintain] the high-class development," and waivers could be provided by the developer or its "successors, or assigns." This terminology consistently speaks to an ongoing obligation.
As for privity, "a party need only show that his [or her] property derives from the original grantor who imposed the covenant and whose property was benefitted thereby, and concomitantly, that the party to be burdened derives his [or her] property from the original grantee who took the property subject to the restrictive covenant. This 'vertical privity' arises whenever the party seeking to enforce the covenant has derived his [or her] title through a continuous lawful successor from the original grantor" (Malley v Hanna, 65 NY2d 289, 291-292 [1985]] [internal citations omitted]). The record, as noted above, establishes the requisite vertical privity here. Manifestly, plaintiffs' property benefits from a clear view of the lake and mountains, while defendants' deed imposes the obligation to limit the height of the trees to assure that continued view. Finally, we are not persuaded by defendants' assertion that the restrictions only impose an affirmative obligation to trim the trees and does not touch or concern the land. Although imposing an affirmative maintenance obligation, the restrictions limit the owner's landscaping options in the first instance and on an ongoing basis and, thus, impact the use of the land. Given the above, we find that Supreme Court properly found that plaintiffs established their right to enforce the restrictive covenant against defendants.
We find defendants' opposing arguments unavailing. The fact that a few waivers have been granted over the years, as authorized in the original grantor deeds, and that the photographic record shows that trees exceeding 15 feet in height exist throughout the neighborhood does not undermine plaintiffs' right to enforce the restrictive covenant. There has been no agreement by the benefitted property owners to completely extinguish the restrictive covenant (see Pepe v Antlers of Raquette Lake, Inc., 87 AD3d 785, 788 [2011]; Water's Edge on Saratoga Lake Homeowners' Assn. v Weissman, 205 AD2d 1014, 1015 [1994], lv dismissed 84 NY2d 923 [1994]). Nor has there been a showing that "the restriction has become valueless to the property of the plaintiff[s] and onerous to the property of the defendant[s]" (Hayes v Leonard, 30 AD2d 745, 746 [1968]; see Meadow Run Dev. Corp. v Atlantic Ref. & Mktg. Corp., 155 AD2d 752, 754 [1989]; Nash v State of New York, 61 AD2d 852, 852 [1978]). To the contrary, the record includes photographs confirming that the lake view that plaintiffs enjoyed from their deck in the 1990s is now impeded by the overgrowth of trees on defendants' property. Certainly, restoration of plaintiffs' lake view is of significant value to the use and enjoyment of their property.
Nor is plaintiffs' claim barred by the statute of limitations or by the doctrines of laches or unclean hands. The limitations period for a breach of a restrictive covenant not relating to a structure is six years (see CPLR 213 [1]; Rivemont Farms, LLC v Northeast Solite Corp., 46 [*3]AD3d 1170, 1171-1172 [2007]). Here, the record shows that plaintiffs periodically trimmed the trees on defendants' property until 2013, when defendants refused access. As such, we find plaintiffs' claim to enforce the restrictive covenant to be timely. As for laches, defendants have shown no evidence of surprise, delay or prejudice. To the contrary, defendants acknowledged that plaintiffs repeatedly requested that the trees be trimmed prior to commencing this action. Nor is there any evidence that adjacent property owners have complained that plaintiffs' trees obstructed their views. Finally, we agree with Supreme Court that because a tree height restriction affects the use of real property, the notice of pendency was properly filed (see CPLR 6501).
Egan Jr., J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the amended order is affirmed, with costs.