Barlow v Skroupa (2023 NY Slip Op 03541)

Barlow v Skroupa

2023 NY Slip Op 03541

Decided on June 29, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Higgitt, JJ. 

Index No. 651739/20 Appeal No. 569-570-570A-570B Case No. 2022-02318, 2022-04271, 2023-00318, 2023-00337 

[*1]Heather Barlow et al., Plaintiffs-Appellants,
v
Christopher Skroupa et al., Defendants-Respondents, Advisory Board Members Does 1-5, Defendants.

Law Office of Carla Kerr Stearns, New York (Carla Kerr Stearns of counsel), for appellants.
The Engel Law Group, PLLC, New York (Adam E. Engel of counsel), for respondents.

Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about November 18, 2021, which to the extent appealed from, denied plaintiffs' motion insofar as it sought to strike defendants' answers and direct entry of judgment against defendants, unanimously modified, on the facts and in the interest of justice, to the extent of directing that plaintiffs are also entitled to an adverse inference charge to be formulated by the trial court, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about March 23, 2022, which, to the extent appealed from, granted the motion of defendants David Katz and Paula Luff to dismiss all claims as against them, unanimously affirmed, without costs. Appeal from orders, same court and Justice, entered on or about January 3, 2023, which, to the extent appealable, denied plaintiffs' separate motions to renew, unanimously dismissed, without costs, as abandoned.
Supreme Court providently exercised its discretion in denying plaintiffs' motion to strike defendants' answer and to enter judgment against them. Although defendants were slow in producing documents, they have not engaged in the type of "extreme conduct" warranting the imposition of the "ultimate penalty" of striking their answer or rendering judgment against them (Pezhman v Department of Educ. of the City of N.Y., 95 AD3d 625, 626 [1st Dept 2012]; cf. Elias v City of New York, 87 AD3d 513, 517 [1st Dept 2011]). However, in addition to the measures that the court imposed — precluding defendants from presenting documents that they failed to timely produce during discovery and precluding them from offering evidence pertaining to interrogatories that they failed to answer — plaintiffs are also entitled to an adverse inference charge, to be formulated by the trial judge.
As to Katz and Luff's motion to dismiss, Supreme Court correctly granted the motion and dismissed all claims as against them. As to the cause of action as against Katz for violation of the Labor Law and New York State Minimum Wage Orders, plaintiffs alleged in support of that cause of action that Katz made investments in defendant Skytop Strategies, consulted with defendant Christopher Skroup on hiring decisions, and wired Skroup money so that Skytop could make payroll. These allegations, however, are insufficient to show that Katz was plaintiffs' employer under the Labor Law (see Bonito v Avalon Partners, Inc., 106 AD3d 625, 626 [1st Dept 2013]).
Regarding the cause of action for fraud as against Katz and Luff, Supreme Court properly dismissed that claim, as plaintiffs failed to plead fraud with particularity as required under CPLR 3016(b) (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). The complaint fails to identify any specific and material misrepresentation of fact by either Katz or Luff, and offered only general and conclusory allegations that they made "false representations" regarding Skytop's revenues and its ability [*2]to pay wages and benefits (see Principia Partners LLC v Swap Fin. Group, LLC, 194 AD3d 584, 584 [1st Dept 2021]). Because the fraud claim was properly dismissed, the cause of action for conspiracy to commit fraud was also properly dismissed (see Empire Outlet Bldrs. LLC v Construction Resources Corp. of N.Y., 170 AD3d 582, 583 [1st Dept 2019]).
Plaintiffs also failed to state a cause of action as against Katz and Luff for violation of General Business Law § 350, since the complaint fails to allege any "consumer-oriented" conduct as required by the statute(Denenberg v Rosen, 71 AD3d 187, 194 [1st Dept 2010], lv dismissed 14 NY3d 910 [2010]). Rather, plaintiffs alleged only that on the websites Glassdoor and LinkedIn, Katz and Luff falsely advertised Skytop's financial condition and work culture. Neither of these matters implicate consumers or involve gaining access to customers (see Plavin v Group Health Inc., 35 NY3d 1, 9 [2020]).
Moreover, plaintiffs failed to state a cause of action against Katz and Luff for unjust enrichment because the complaint asserts no nonconclusory facts suggesting that they were enriched at plaintiffs' expense (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 183 [2011]; IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]). Rather, the fourth amended complaint makes vague allegations that Katz and Luff "profited" from Skytop's fraudulent scheme and engaged in self-dealing.
Supreme Court correctly dismissed the conversion cause of action as against Katz and Luff, as plaintiffs fail to identify monies that they seek to have returned as "a specific, identifiable fund" (Cohen Bros. Realty Corp. v Mapes, 181 AD3d 401, 405 [1st Dept 2020] [internal quotation marks omitted]).
Furthermore, as to the breach of contract cause of action, the fourth amended complaint does not allege that either Katz or Luff were parties to a contract with plaintiffs, and the conclusory alter ego allegations are insufficient to pierce the corporate veil (see Gateway Intl., 360, LLC v Richmond Capital Group, LLC, 201 AD3d 406, 408 [1st Dept 2022]). The allegations of Katz's involvement in Skytop — wiring funds to Skytop, giving input on hiring decisions, and speaking at Skytop conferences — fall well short of demonstrating that he had "complete domination of the corporation in respect to the transaction attacked" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]; see also Sutton 58 Assocs. LLC v Pilevsky, 189 AD3d 726, 730 [1st Dept 2020]).
Finally, plaintiffs fail to state a cause of action for promissory estoppel as against Katz and Luff because the complaint fails to allege any "clear and unambiguous promise" by either one of them (Condor Funding, LLC v 176 Broadway Owners Corp., 147 AD3d 409, 411 [1st Dept 2017]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2023